Lamont WRIGHT, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–263–CR.

Court of Appeals of Texas, Corpus Christi.

Nov. 10, 1982.

Richard B. Tenenbown, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction of murder. The jury which found appellant guilty assessed his punishment at life in the Texas Department of Corrections.

Appellant's court-appointed counsel filed a brief containing three grounds of error. Appellant filed a pro se brief with four grounds, two of which address issues covered by counsel's brief. The remaining two grounds of the pro se brief challenge the sufficiency of the evidence. For clarity's sake, we will first address the issues raised in the brief of appellant's attorney.

The first ground contends the trial court erred in denying appellant's timely request to re-open his case prior to arguments of counsel. The record shows that both sides rested in the afternoon of the sixth day of trial. The following morning, prior to the beginning of the closing arguments, defense counsel moved to re-open the case in order to recall a state's witness. The motion was denied by the trial court.

Appellant relies on Tex.Code Crim.Pro. Ann. art. 36.02 (Vernon 1981), which provides:

"The court shall allow testimony to be introduced at anytime before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice."

The decision to re-open a case has long been held to rest in the sound discretion of the trial judge. *Scott v. State,* 597 S.W.2d 755 (Tex.Cr.App.1980); *Perry v. State,* 464 S.W.2d 660 (Tex.Cr.App.1971). However, that discretion is limited when the motion to re-open comes prior to the beginning of final arguments. In such situations, it may be reversible error to refuse the request if the evidence is admissible, unless, of course, its introduction would have impeded the trial or interfered with the due and orderly administration of justice. See: *Scott v. State,* supra, at 758, *citing Vital v. State,* 523 S.W.2d 662, 664–65 (Tex.Cr.App.1975). See also *Meeks v. State,* 135 Tex.Crim. 170, 117 S.W.2d 454 (1938). The substance of the evidence excluded is an important factor in determining whether there was an abuse of discretion.

In the instant case, the defense sought to re-open in order to further cross-examine Jesse Jones, a state's witness. Jones, a clerk at a gas station/convenience store, testified that the appellant and the deceased were both at the store (where he worked) at the same time on the evening the deceased was killed. He further testified that the deceased had requested directions to a certain street and was directed by one Gregory Darby,[1] who was in the company of the appellant that night.

The stated purpose of recalling Jones was to clarify the sequence of events regarding when the deceased requested directions. In his motion to re-open, defense counsel quoted at length from Jones' prior testimony at appellant's examining trial. There, Jones had stated that the deceased had asked for directions after he had purchased some beer and cigarettes. At the actual trial, Jones testified that the victim had made his request *before* his purchase. This was the only discernible discrepancy in the testimony.

This sequence of events was not relevant to any contested issue in the trial. Appellant admitted, before the jury, that he was present at the store with Darby and Jones that night when the deceased requested directions. Jones' testimony was far from being the only link between the appellant and the deceased. The State produced other and more substantial and even more damaging evidence to tie the appellant to the crime. Impeachment of Jones' story concerning the timing of the events which occurred while the deceased and the appellant were at the store would not have had any effect on the outcome of the trial. The record shows further that Jones was called on two different occasions earlier in the trial. The defense had ample opportunity to cross-examine him then.

While there is no evidence one way or the other as to how much delay would have resulted in the recall of witness Jones, under all the circumstances, we decline to hold that the trial court abused its discretion in denying the motion to re-open for the reasons advanced. Ground of error number

1. The record indicates that Darby was also indicted for this crime.

one is overruled. See *Wilkinson v. State,* 423 S.W.2d 311 (Tex.Cr.App.1968).

Next, appellant's counsel assigns as error the trial court's admission of evidence which was objected to as fruit of an illegal search. A hearing outside the presence of the jury was had on appellant's motion to suppress evidence obtained in a search of appellant's residence made pursuant to a consent-to-search form executed by the appellant while he was in custody in connection with an unrelated offense. The basis of the motion to suppress was that the appellant's arrest was illegal, and there were not sufficient intervening circumstances to remove the taint of the arrest from the items seized with the consent obtained from appellant while he was under arrest.

During the suppression hearing, the following facts came to light: Early in the afternoon of November 10, 1978, the day after the occurrence of the murder of which appellant was convicted, officers Ron Richert and Lee Jaster of the Houston Police Department were called to the scene of a shooting on Houston's near north side. (It was later determined that this shooting occurred on the same street as appellant's residence and just a few blocks from a murder the day this event occurred.) When Richert and Jaster arrived, they found a gunshot victim, still alive, with undetermined wounds, lying in a residential garage. Also present were the owner of the property and the appellant. The officers told the appellant to wait outside for questioning. Instead, the appellant fled the scene. Though neither officer saw the appellant leave, Richert, acting on the directions of bystanders, chased after the appellant for approximately two blocks, without catching sight of him.

A short time later, another witness at the scene came forward with a .25 caliber automatic pistol, which had been found in a ditch in the path of appellant's flight. (This gun was later determined to have been used in the prior murder.) Sometime later, the appellant returned to the scene of the crime in different clothes. When approached, the appellant insisted that he had just arrived and denied having been at the scene before.

By the time the appellant returned to the crime scene, one Charles Miller had confessed to the shooting. However, Officer Richert testified at the suppression hearing that he had been informed by other witnesses that the appellant was also involved. Officer Richert testified that he was informed that the appellant had dropped the recovered pistol and that the appellant was looking for it when he returned to the scene. The officers arrested the appellant at the scene of the crime without a warrant.

■ These facts are clearly sufficient to support the trial court's finding that officers Richert and Jaster had probable cause to arrest the appellant in connection with the present shooting. If the arrest was legal, there can be no complaint about the fruits of the search conducted with the appellant's permission.

■ Even if the arrest was illegal, a fact of which we are unconvinced, we think the items seized in the search were admissible.

Appellant relies on *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). In that case, the Supreme Court held that *Miranda* warnings by themselves were insufficient to break *per se* the causal connection between an illegal arrest and a subsequent voluntary inculpative statement.

The Court went on to say that whether or not warnings had been given was one of several factors to be considered, along with the temporal proximity of the arrest and the confession, the presence of intervening circumstances, and, particularly, the purpose and flagrancy of the official misconduct. 422 U.S. at 603–604, 95 S.Ct. at 2261–62, 45 L.Ed.2d at 427.

In the case before us, it is clear that the appellant voluntarily consented to the search of his residence. It is undisputed that the officer who obtained that consent gave appellant his full *Miranda* warnings before questioning him. To be sure, this

questioning and the execution of the consent form occurred only four to five hours after appellant's arrest, and no significant intervening circumstances of the type contemplated in *Brown* were shown. See *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Johnson v. Louisiana*, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972). The purpose of appellant's arrest had nothing to do with the subsequent questioning concerning the prior murder. The officers who arrested the appellant knew nothing of the earlier offense. They sincerely believed that the appellant was involved in the present crime, and that they had probable cause to arrest him. It does not appear that appellant was held longer than necessary or specifically for the investigation of the earlier offense. Officers Richert and Jaster were unaware of the subsequently formed suspicions of the officer probing the prior offense.

The circumstances of this case lead us to conclude that the evidence obtained in the search of the appellant's residence was admissible. Ground of error two is overruled.

Finally, appellant's counsel alleges that the trial court erred in denying appellant's motion to try co-defendant Darby first. The purpose of the motion was to gain the testimony of Darby for the defense. At a pretrial hearing on this motion, the testimony of Darby and his counsel showed that if appellant was tried first and Darby was called to testify, he would exercise his fifth amendment rights against self-incrimination. The court at first granted appellant's motion. It then denied the motion when informed that Darby would urge an identical motion for like reasons, if tried first. ■ When separate trials are granted to co-defendants and the defendants cannot agree on the order in which they are to be tried, it is the duty of the trial court to direct the order of trial. Tex.Code Crim. Pro.Ann. art. 36.10 (Vernon 1981). Appellant's motion was not agreed to by Darby. Therefore, the decision on the order of trial rested solely in the discretion of the court. See *Lafoon v. State*, 543 S.W.2d 617 (Tex. Cr.App.1976); *Harris v. State*, 172 Tex.

Cr.R. 150, 354 S.W.2d 155 (Tex.Cr.App. 1962).

Appellant cites a single authority, *Whitmore v. State*, 570 S.W.2d 889 (Tex.Cr.App. 1978). In *Whitmore*, the court granted the appellant a new trial based on newly discovered evidence when a co-defendant, previously unavailable to testify due to his privilege against self-incrimination, became available because he was subsequently acquitted. There is nothing in our record to suggest that that situation existed. We find no abuse of discretion in the trial court's denial of appellant's motion to try his co-defendant first. Ground of error three is overruled.

We now turn to appellant's pro se brief. Grounds two and four are the same as grounds two and one, respectively, in defense counsel's brief. They are overruled. By the two remaining grounds, one and three, appellant challenges the sufficiency of the evidence to show that he perpetrated the offense of which he was convicted.

■ Appellant's conviction was based on circumstantial evidence. The rule is to sustain such a conviction, the circumstances proven must exclude, to a moral certainty, every other *reasonable* hypothesis except that of the guilt of the accused. *Stogsdill v. State*, 552 S.W.2d 481, 486 (1977).

■ It is not necessary, however, that every fact point directly and independently to the defendant's guilt. It is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Stogsdill v. State, supra; Flores v. State*, 551 S.W.2d 364, 367 (Tex.Cr.App.1977). As in all cases in which the sufficiency of the evidence is challenged, we must view the evidence in the light most favorable to the verdict. *Ysasaga v. State*, 444 S.W.2d 305 (Tex.Cr.App. 1969).

■ The facts as they appear from the record are as follows: The appellant was seen in close proximity to the deceased, at most, one to two hours before the murder. A piece of paper bearing appellant's palm

print was found in the glove compartment of the car in which the body of the deceased was found. Property of the deceased, described as various items from his wallet, were found in the appellant's bedroom the day after the killing. Empty cans of beer, the same brand purchased by the deceased shortly before he was killed, were also found, in the trash at appellant's residence. One of two guns used in the offense was recovered the following day, near the scene of an unrelated crime, at which the appellant was present. The pistol was found in a ditch along which the appellant had fled from the scene of that later offense. At least one witness testified to having seen a pistol like the one found at the appellant's residence.

We conclude that the proof submitted by the state was ample to support the jury's verdict. The fact that other persons shared appellant's residence did not obligate the prosecution to prove beyond a reasonable doubt that only the appellant could have placed the deceased's property in the appellant's bedroom. Likewise, the state was not obligated to exclude every other hypothesis as to how appellant's palm print came to be on the paper in the deceased's car. The jury, as sole judge of the credibility of the witnesses, was entitled to accept or reject the defendant's explanations as to those pieces of evidence.

We have carefully considered all the points of error raised by the appellant and his counsel. They are overruled.

The trial court's judgment is affirmed.