Beth SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-87-236-CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 30, 1988.

James Lawrence, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Beth Smith was tried by a jury and convicted for theft. The trial court assessed punishment at three years confinement, with restitution as a condition of parole. Appellant brings four points of error, complaining of a defect in the indictment, the sufficiency of the evidence, the court's setting the sum of restitution as a condition for parole, and the court's informing the jury of the degree of the offense in the charge.

William Renfro hired appellant as bookkeeper for his business, Renfro Publishing Company. Renfro testified that, when he became concerned about the company's loss of profits, he investigated appellant's bookkeeping system and found that certain customer checks were being cashed. Three bank tellers also testified that appellant had cashed the customer checks in question at First Commerce Bank.

Appellant testified that Renfro directed her to cash certain customer checks, that she brought the money back to Renfro and either gave it to him personally or put it on or in his desk, and that she posted the money according to a worksheet of new accounts. Renfro testified that he never gave appellant permission to cash customer checks. Virginia Dominy, Renfro's previous bookkeeper, also testified that Renfro never told her to cash any customer checks.

Melanie Griffin, a certified public accountant hired by Renfro to assist him investigate the books, testified that she found a pattern in appellant's bookkeeping system by which appellant was able to conceal the amounts of the customer checks she cashed. Appellant first shifted all customer checks to her personal workpage for the day, which was not a part of the regular bookkeeping system. Appellant then cashed the checks rather than depositing

them, and the amounts cashed were characterized as discounts, which made the books appear to balance.

By her first point appellant complains that the trial court erred in failing to grant her motion to quash the indictment because it failed to specify which type of appropriation was being charged under the allegation of theft.

If the statutory definition of a crime provides for more than one manner of commission, on timely request the State must allege the particular manner it seeks to establish. *Ferguson v. State*, 622 S.W.2d 846, 851 (Tex.Crim.App.1981). Tex.Penal Code Ann. § 31.01 (Vernon Supp.1988), defines two means by which property may be "appropriated," as follows:

(5) "Appropriate" means:

(A) to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or

(B) to acquire or otherwise exercise control over property other than real property.

In a theft case, the defendant may require the State to specify in which manner he allegedly appropriated the property. *Gorman v. State*, 634 S.W.2d 681 (Tex.Crim.App.1982). The indictment here does indicate that the State was proceeding under Section 31.01(5)(B), since the relevant portion alleged that appellant "appropriated tangible personal property ... by *acquiring and exercising control over* such property." (emphasis added).

In *Scott v. State*, 646 S.W.2d 638 (Tex. App.—Austin 1983, no pet.), the court suggested that under Section 31.01(5)(B) the State may further be required to disclose whether it is alleging appropriation by "acquisition" or by "otherwise exercising control over property." *See also Coats v. State*, 712 S.W.2d 520, 522 (Tex.Crim.App. 1986); *Bertram v. State*, 670 S.W.2d 305, 309 (Tex.App.—Amarillo 1983, pet. ref'd). However, where a statute sets forth several ways by which an offense may be committed, and those ways are subject to the same punishment, they may be alleged conjunctively. *Sidney v. State*, 560 S.W.2d

679, 681 (Tex.Crim.App.1978). In the present case, the conjunctive allegation of appropriation by both acquisition and exercise of control over, sufficiently notified the appellant of what the State intended to prove. Appellant's first point of error is overruled.

By her second point of error appellant complains that the evidence was insufficient to sustain her conviction for theft. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

Appellant claims that the customer checks she cashed were accounted for on her worksheet and the cash was either given to Renfro in person or put on or in his desk. Appellant argues that this leads to a reasonable conclusion that someone else in the office may have taken the money.

The trier of fact is the sole judge of the weight and credibility of the witnesses and may believe or disbelieve all or any part of any witness' testimony. *Williams v. State*, 692 S.W.2d 671, 676 (Tex.Crim.App. 1984). There was testimony to show that appellant cashed customer checks from her employer without his permission, that she used misleading bookkeeping procedures to conceal the existence of the amounts cashed, and that Renfro never received the amounts that appellant claims she gave him or left for him. This is sufficient to show that appellant committed theft as alleged in the indictment. *See McCarron v. State*, 605 S.W.2d 589 (Tex.Crim.App.1980); *Clay v. State*, 592 S.W.2d 609 (Tex.Crim. App.1980). Appellant's second point of error is overruled.

By her fourth point appellant complains that the trial court's inclusion of the degree of the offense in its charge to the jury amounted to a comment on the weight of the evidence.

Appellant argues that the jury had no reason to know the degree of the crime at the guilt or innocence phase of the trial. The charge told the jury that appellant "stands charged by indictment with the offense of Third Degree Felony Theft." It further instructed the jury that if it found certain allegations to be true it should find appellant "guilty of Third Degree Felony Theft as alleged in the indictment."

We hold that the trial court did not err by informing the jury of the degree of the offense. Even if such an instruction was not required, the degree of the offense was merely a part of the general definition and description of that offense as could properly be set forth in the jury charge. *See Rogers v. State*, 687 S.W.2d 337, 344 (Tex. Crim.App.1985); *Gardner v. State*, 59 S.W. 1114, 1116 (Tex.Crim.App.1900).

In addition, appellant failed to object to the charge at trial on the ground urged on appeal, that it constituted a comment on the weight of the evidence. Even if informing the jury of the degree of the offense was error, it was not so fundamental as to cause egregious harm, and therefore does not require reversal. *See Almanza v. State*, 686 S.W.2d 157 (Tex.Crim. App.1984). Appellant's fourth point of error is overruled.

By her third point appellant complains that the trial court erred in setting and requiring her to pay a certain sum of restitution as a condition of parole.

Tex.Code Crim.Proc.Ann. art. 42.18 § 8(g) (Vernon Supp.1988) (formerly Article 42.12 § 15(g) (repealed)), provides for the Board of Pardons and Paroles to set the sum of restitution "in an amount not greater than such restitution or reparation as established by the court and entered in the sentence of the court which sentenced the prisoner to his term of imprisonment." The trial court may initially establish a sum of restitution, but it is within the board's discretion to set an amount within that figure as a condition of parole. *Swope v.*

*State*, 723 S.W.2d 216, 229–30 (Tex.App.— Austin 1986, disc. rev. granted.).[1]

In the present case, the trial court's judgment ordered that the appellant's release on parole be conditioned on her payment of restitution to the victim in the amount of $86,918.46. Appellant's third point of error is sustained.

The judgment of the trial court is modified by deleting the requirement that restitution be a condition of parole. The remainder of the judgment, including that portion setting and requiring appellant to pay restitution at $86,918.46, is affirmed.

---

**1.** *But see Harrison v. State*, 713 S.W.2d 760, 764 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd).