IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 






NO. 3-91-033-CR






MARK DIAZ,



 APPELLANT



vs.






THE STATE OF TEXAS,



 APPELLEE




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 101,486, HONORABLE TOM BLACKWELL, JUDGE PRESIDING



 






 After finding appellant guilty of injury to a child by recklessness, Tex. Penal Code
Ann. § 22.04(e) (Supp. 1992), the jury assessed punishment at two years' confinement. In a
single point of error, appellant contends that the trial court erred by submitting a charge at the
guilt-innocence stage, over his objection, which enumerated the various offense levels. We
overrule appellant's point of error and affirm the judgment of the trial court.

 Appellant asserts the court's action in setting forth the offense levels, ranging from
a Class A misdemeanor to a First Degree felony, for the four offenses the jury was allowed to
consider at the guilt-innocence phase of the trial, invited "the jury to pass on punishment and
denied him a bifurcated trial." Appellant's objection at trial to the charge was "that the statements
are a comment on the weight of the evidence and I object to them for that reason."

 Before the court's charge is read to the jury, "the defendant or his counsel shall
have a reasonable time to examine the same and he shall present his objections thereto in writing,
distinctly specifying each ground of objection." Tex. Code Crim. Proc. Ann. art. 36.14 (Supp.
1992). Where the objection to the court's charge urged at trial does not comport with the
contention asserted on appeal, nothing is presented for review. Pennington v. State, 697 S.W.2d
387, 390 (Tex. Crim. App. 1985). Clearly, the objection at trial is at variance with the point of
error urged on appeal.

 Assuming, arguendo, that appellant's point of error is before us for review, we find
no merit in his contention. Cases relied on by appellant relate to instances where the trial court
set forth the range of punishment for the offense at the guilt-innocence stage of the trial. 
Moreover, while the courts have stated that the trial court should not include the penalty range
for the offense, we have not found a case where it has been held to be reversible error. See, e.g.,
Timmons v. State, 586 S.W.2d 509, 510 n.1 (Tex. Crim. App. 1979); Carter v. State, 515
S.W.2d 668, 670 (Tex. Crim. App. 1974). In Smith v. State, 761 S.W.2d 546, 548 (Tex. App.
1988, no pet.), complaint was made that the trial court's inclusion of the degree of the offense in
its charge to the jury amounted to a comment on the weight of the evidence. The court rejected
this contention, stating:



We hold that the trial court did not err by informing the jury of the degree of the
offense. Even if such an instruction was not required, the degree of the offense
was merely a part of the general definition and description of that offense as could
properly be set forth in the jury charge.



Id. at 549.

 We perceive no reversible error in the court's inclusion in its charge of the levels
or degrees of the offenses the jury may consider at the guilt-innocence phase of the trial. 
Appellant's point of error is overruled.



 

 Tom G. Davis, Justice

[Before Chief Justice Carroll, Justices Jones and Davis*]

Affirmed

Filed: June 24, 1992 

[Do Not Publish]
































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).