NUMBER 13-01-584-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI
B
EDINBURG 

                                                                                                     


DANIEL
DALLAS HAWKINS, JR.                                             Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 

 

                   On appeal from the 252nd
District Court of Jefferson County, Texas

                                                                                                     


                                   O P I N I O N

 

                      Before Justices Hinojosa,
Yañez, and Baird[1]

                                       Opinion by Justice Baird








Appellant was
charged by indictment with the offense of possession of a controlled substance,
namely cocaine.  The indictment also
alleged multiple prior felony convictions for the purpose of enhancing the range
of punishment.  A jury convicted
appellant of the charged offense. 
Following appellant=s plea of true,
the jury found the enhancement allegations true, and assessed punishment at
eighteen years confinement in the Texas Department of Criminal
Justice--Institutional Division. 
Appellant raises six points of error. 
We affirm the conviction, but reverse and remand for a new trial on
punishment.

Parts I, II,
III, and IV of this opinion are not designated for publication.

I.  Sufficiency of the Evidence.

The third point
of error contends the trial judge erred in denying appellant=s motion for
instructed verdict.  The denial of such a
motion is treated as a sufficiency challenge for the purposes of appellate
review.  Cook v. State, 858 S.W.2d
467, 470 (Tex. Crim. App. 1993).

A.  Standard of Appellate Review.








          In
determining whether the evidence is legally sufficient to sustain the
conviction, we employ the standard of Jackson v. Virginia and ask Awhether, after
viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.@  Jackson v. Virginia,
443 U.S. 307, 319 (1979).  The
standard applies to both direct and circumstantial evidence cases.  Geesa v. State, 820 S.W.2d 154, 158
(Tex. Crim. App. 1991), overruled in part on other grounds, Paulson v. State,
28 S.W.3d 570, 573 (Tex. Crim. App. 2000). 
In possession of controlled substance cases, two evidentiary
requirements must be satisfied:  first,
the State must prove the defendant exercised actual care, control and
management over the contraband; and, second, that he had knowledge that the
substance in his possession was contraband. 
King v. State, 895 S.W.2d 701, 703 (Tex. Crim.
App.1995).  The mere presence of
the accused at a place where contraband is located does not make him a party to
joint possession, even if he knows of the contraband's existence.  Oaks v. State, 642
S.W.2d 174, 177 (Tex. Crim. App. 1982). 
Whether the theory of prosecution is sole or joint possession, the
evidence must affirmatively link the accused to the contraband in such a
manner, and to such an extent that a reasonable inference may arise that the
accused knew of the contraband's existence and that he exercised control over
it.  Travis v. State,
638 S.W.2d 502, 503 (Tex. Crim. App. 1982).  When an accused is not in exclusive
possession and control of the place where contraband is found, it cannot be
concluded he had knowledge or control over the contraband unless there are
additional independent facts and circumstances that affirmatively link him to
the contraband.  Brown
v. State, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995).  Similarly, when the contraband is not found
on the accused's person, or it is not in the exclusive possession of the
accused, additional facts and circumstances must link the accused to the
contraband.  Menchaca v. State,
901 S.W.2d 640, 651 (Tex. App.BEl Paso 1995,
pet. ref'd).








The affirmative
links doctrine is the appropriate means of applying the Jackson
rationality standard of appellate review. 
Jackson, 443 U.S. at 319; Martinets v. State, 884 S.W.2d
185, 188 (Tex. App.BAustin 1994, no pet.).  Various factors may be considered when
determining whether the evidence is sufficient to affirmatively link the
accused with the contraband.[2]  The number of the factors is not as important
as the logical force the factors have in establishing the elements of the
offense.  Jones v. State, 963
S.W.2d 826, 830 (Tex. App.BTexarkana 1998,
pet. ref'd); Hurtado v. State, 881 S.W.2d 738, 743 (Tex. App.BHouston [1st
Dist.] 1994, pet. ref'd); Gilbert v. State, 874 S.W.2d 290, 298 (Tex.
App.BHouston [1st
Dist.] 1994, pet. ref'd).  While
affirmative links may be proved by circumstantial evidence, proof amounting to
a strong suspicion or even a probability will not suffice.  Grant v. State, 989 S.W.2d 428, 433
(Tex. App.BHouston [14th
Dist.] 1999, no pet.) (citing Dubry v. State,
582 S.W.2d 841, 844 (Tex. Crim. App. [Panel Op.] 1979)).  Ultimately, the question of whether the
evidence is sufficient to affirmatively link the accused to the contraband must
be answered on a case by case basis.  Whitworth
v. State, 808 S.W.2d 566, 569 (Tex. App.BAustin 1991,
pet. ref'd).

B.  Factual Summary.








In the instant
case, the record evidence reveals the following:  On the date of the alleged offense, Beaumont
Police Officer Scott Lisenby traveled to a residence in search of an
individual.  Lisenby knocked on the front
door of the residence, and appellant opened the door holding a crack pipe and
pusher.[3]  Lisenby also noticed a large bulge in
appellant=s right front
pocket.  Upon seeing Lisenby, appellant
slammed the door, and Lisenby could hear appellant running through the
residence.  Unable to enter the residence
because the door was locked, Lisenby proceeded around the residence, and saw
appellant exit through the side door. 
Lisenby detained appellant in the threshold of that doorway.  From that location, Lisenby looked into the
residence and saw on a kitchen counter a crack pipe, pusher and a loaded
gun.  Lisenby handcuffed appellant.  While securing the weapon, crack pipe and
pusher, Lisenby observed a substance he believed to be crack cocaine.[4]   Lisenby also searched appellant=s wallet and
found a plastic bag containing what Lisenby believed to be cocaine residue.[5]  Lisenby testified two other males were in the
residence at the time of appellant=s arrest: one
man was in the bedroom; the second was young and mentally handicapped, and was
sitting on the couch.  Both of these
individuals denied ownership of the gun. 









Melissa Taylor,
a chemist with the Jefferson County Regional Crime Laboratory, analyzed the
contents of State=s Exhibit 6,
and determined the exhibit contained 0.008 grams of crack cocaine.  Charlyn Voight, another chemist with the same
laboratory, examined the crack pipe which testified positive for cocaine
residue.  She also examined the plastic
bag seized from appellant=s wallet, State=s Exhibit 9,
and testified the exhibit contained cocaine residue. 

Appellant
offered the following testimony during his case-in-chief:  Ray Brown testified he was in the residence
when Lisenby knocked on the door.  Brown
testified that he did not see a crack pipe and pusher in appellant=s hand when he
opened the door.   Further, Brown did not
see a gun.  Brown testified that after
appellant opened the door, he Aclosed it right
back and left out through the back door.@  Brown said there was no young mentally
handicapped man in the house.  Brown
further testified that he did not see cocaine, a crack pipe, pusher or gun on
the kitchen counter.  On
cross-examination, Brown admitted being on felony probation for delivery of
cocaine. 

Rita Jones
testified that she too had been at the residence on the date alleged in the
indictment.  She stated there was no
young mentally handicapped male at the residence.  Jones testified that while in the residence,
she did not see any cocaine, a crack pipe or a gun.  As Jones was driving away, a police vehicle
pulled up, two officers approached the residence, used their night sticks to
knock on the front door, and said:  AIf you don=t come open
this door I=m going to kick
it down.@  On cross-examination, Jones stated that she
had heard that appellant used crack cocaine. 
Jones also admitted having a prior conviction for theft and being on
probation for delivery of crack cocaine.[6]  

C.  Analysis.








As noted above,
the question of whether the evidence is sufficient to affirmatively link the
accused to the contraband must be answered on a case by case basis.  Whitworth, 808
S.W.2d at 569.  In the instant
case, the following factors tend to affirmatively link appellant to the
contraband:  the contraband was in plain
view; appellant was not the owner of the premises, but was an invited guest in
the residence where the contraband was found; the contraband was conveniently
accessible to, and found in close proximity to appellant; appellant possessed
other contraband when arrested; when opening the door, appellant possessed
paraphernalia to use the contraband; opening and then quickly closing the door
upon seeing Lisenby indicated a consciousness of guilt; and, appellant
attempted to flee out the side door of the residence.

On the other
hand, the following factors do not affirmatively link appellant to the
contraband:  appellant was not found with
a large amount of cash; there was no strong residual odor of the contraband;
appellant=s physical
condition did not indicate the recent consumption of crack cocaine; beyond the
closing of the door upon seeing Lisenby and appellant=s attempted
flight, there were no furtive gestures; beyond his close proximity and
convenient access, appellant had no special connection to the contraband; the
occupants of the premises, both Brown and Jones, provided testimony which
conflicted with the Lisenby=s testimony,
but otherwise did not provide testimony which conflicted with each other;
appellant made no incriminating statements connecting himself  to the contraband; the quantity of the
contraband was very small; and, there is no evidence the residence was a
suspicious place or that appellant was there under suspicious circumstances.








Under the
affirmative links standard of review, the number of links is not as important
as the logical force the factors have in establishing the elements of the
offense.  Jones, 963 S.W.2d at 830; Hurtado, 881 S.W.2d at 743;
Gilbert, 874 S.W.2d at 298.  When the
factors which affirmatively link appellant to the contraband are viewed in the
light most favorable to the prosecution, we hold a rational trier of fact could
have found beyond a reasonable doubt that appellant exercised actual care,
control and management over the contraband, and did so with the knowledge that
the substance was contraband.  King,
895 S.W.2d at 703. 
Consequently, we hold the trial judge did not err in denying appellant=s motion for
instructed verdict.  The third point of
error is overruled.

II. Jury
Arguments.

The first point
of error contends the trial judge erred in several respects during the State=s jury
arguments.  We read appellant=s brief as
raising two separate claims:  first,
certain arguments were improper because they were outside the record; and,
second, other arguments were improper because they invaded the province of the
jury.

A.  Permissible Jury Argument.








To be
permissible, the State's jury argument must fall within one of four general
areas:  (1) summation of the evidence;
(2) reasonable deduction from the evidence; (3) answer to argument of opposing
counsel; or (4) plea for law enforcement. 
Borjan v. State, 787 S.W.2d 53, 55 (Tex. Crim.
App. 1990); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. App.
1973).  It has long been
established that a prosecutor cannot use closing argument to place matters
before the jury that are outside the record and prejudicial to the
accused.  Everett v.
State, 707 S.W.2d 638, 641 (Tex. Crim. App. 1986).  Arguments referencing matters that are not in
evidence and may not be inferred from the evidence are usually "designed
to arouse the passion and prejudices of the jury and as such are highly
inappropriate."  Borjan, 787 S.W.2d at 57. 
Counsel is allowed wide latitude in drawing inferences from the evidence
so long as the inferences drawn are reasonable, fair, legitimate, and offered
in good faith. Bigley v. State, 831 S.W.2d 409, 414 (Tex. App.BAustin 1992), aff'd,
865 S.W.2d 26 (Tex. Crim. App. 1993).

B.  Arguments Outside
The Record.

Appellant
argues that five separate arguments were outside the record.  We will address these seriatim.

i.

The following
argument was made by the State after summing up the trial testimony:  AI submit to you
that that=s what goes on
[at the residence].  They smoke
crack.  They sell crack.  And that=s B@  Appellant=s objection was overruled by the trial
judge.  We find this argument was a
reasonable deduction from the evidence in light of the testimony developed at
trial, namely that both Brown and Jones were on community supervision for
delivery of cocaine, and Jones having heard that appellant consumed cocaine.  See id. Therefore, the trial judge did
not err by overruling appellant=s objection.

ii.

The following
argument was made by the State describing the conduct of appellant closing the
door immediately upon seeing Lisenby:  AWhat did he do
next?  Well, he ran to the back of the
house and he threw the stuff down on the counter. . . .@  Appellant=s objection was overruled by the trial
judge.  We find this argument was a
reasonable deduction from the evidence in light of Lisenby=s testimony
that the crack pipe and pusher recovered from the counter were the same as
those held by appellant when he opened the door.  See id.  Therefore, the trial judge did not err by
overruling appellant=s objection.

iii.








The following
argument was made by the State when apparently holding up State=s Exhibit 9,
which was the plastic bag containing cocaine residue seized from appellant=s wallet:  AAnd it=s a bag with
some very little of -- if anything is left in here -- I see some residue in
there.@  Appellant=s objection was sustained by the trial
judge, who also instructed the jury to disregard the argument.  The trial judge denied appellant=s motion for
mistrial.

The State may
use opinion argument if it is based
on evidence, and not unsworn testimony.  Allridge v. State, 762 S.W.2d 146 (Tex. Crim. App. 1988).  As noted above, Charlyn Voight testified
State=s Exhibit 9,
contained cocaine residue.  Therefore, we
hold the State=s argument was
permissible.  Since the argument was
proper, the trial judge did not err in denying appellant=s motion for
mistrial.  And even if the argument was
improper opinion, any possible error was cured by the court's instruction to
disregard.  Bigley, 831 S.W.2d at 415.

iv.

Immediately
after the trial judge denied appellant=s motion for
mistrial following the argument complained of in part iii, supra, the
prosecutor stated:  ABut you all can
look at [State=s Exhibit
9].  You can ask for it if you want to.@  Appellant objected and the trial judge
overruled the objection stating:  AHe can ask the
jury to look at this.@  We hold this was a correct statement of the
law.  Article 36.25 of the Code of
Criminal Procedure provides:  AThere shall be
furnished to the jury upon its request any exhibits admitted as evidence in the
case.@  Tex. Code Crim. Proc. Ann. art.
36.25 (Vernon 1981). 
Therefore, the trial judge did not err in overruling appellant=s objection.








v.

The State
mentioned in its argument a discussion that occurred at voir dire, but not
during the trial.  The trial judge
sustained appellant=s objection,
instructed the jury to disregard the argument, and denied appellant=s motion for
mistrial.   We hold this argument was
improper because statements and comments made during voir dire do not
constitute evidence.  However, we further
find that since the argument was not Aextreme or manifestly
improper, violative of a mandatory statute, [nor] injected new facts harmful to
the accused,@ the trial
judge=s instruction
to disregard the argument was sufficient to cure the error.  Cooks v. State, 844 S.W.2d 697, 727
(Tex. Crim. App. 1992); Reed v. State, 991 S.W.2d 354, 362-63 (Tex. App.BCorpus Christi
1999, pet. ref=d).  Consequently, the trial judge did not err in
denying appellant=s motion for
mistrial.

C.  Arguments Invading Province Of The Jury.

Appellant cites
three separate arguments as being improper because they invaded the province of
the jury.  We reject these claims for two
reasons.  First, appellant did not lodge
an objection on this basis in the trial court. 
Therefore, this argument is not preserved for our review.  Coffey v. State, 796
S.W.2d 175, 179 (Tex. Crim. App.1990) (a point of error that does not comport
with the trial objection presents nothing for review).  Second, the trial judge sustained each of
these objections and instructed the jury to disregard the arguments.  Consequently, any error stemming from the
arguments was cured.  Cooks, 844 S.W.2d at 727; Reed, 991 S.W.2d at 362-63.  Consequently, the trial judge did not err in
denying appellant=s motions for
mistrial.

The first point
of error is overruled.








III.  Evidentiary Rulings.

The second
point of error contends the trial judge erred in admitting State=s Exhibits 9
and 12 after the State had rested.  These
two exhibits were discussed at length during the State=s
case-in-chief.  However, the prosecutor
failed to offer the exhibits during that portion of the trial.  Immediately after resting, but before
appellant moved for an instructed verdict, the State moved to reopen Ato offer these
exhibits that I didn=t actually
tender into evidence before I rested.@  The trial judge opted not to rule upon that
request until appellant=s motion for
instructed verdict could be heard.  The
trial judge ultimately overruled that motion. 
Defense counsel then made an opening statement, tendered the testimony
of Brown and Jones, and rested.  The jury
was then retired, and the charge was discussed. 
Then the prosecutor offered State=s Exhibits 9
and 12 into evidence.  Defense counsel
objected to the exhibits on the basis that the offer was untimely, and that the
proper predicate and chain of custody had not been established.   The trial judge overruled those objections,
and admitted the exhibits.  The jury
returned and the trial judge immediately read the final version of the jury
charge. 








Article 36.02
of the Code of Criminal Procedure grants to the trial court the power to
"allow testimony to be introduced at any time before the argument of a
cause is concluded, if it appears that it is necessary to a due administration
of justice." Tex. Code Crim. Proc. Ann. art.
36.02 (Vernon 1989). 
The decision of whether to re-open a case lies within the sound
discretion of the trial court.  Zayas
v. State, 972 S.W.2d 779, 792 (Tex. App.BCorpus Christi
1998, pet. ref'd).  The substance of the
evidence is an important factor in determining whether an abuse of discretion
occurred.  Wright v. State, 644
S.W.2d 525, 527 (Tex. App.BCorpus Christi
1982, no pet.).

Appellant
argues permitting the State to reopen was an abuse of discretion because A[e]ven though
[a]ppellant had a chance to cross-examine [Voight], his right to probe further
into the admissibility of the evidence was thwarted.@  App. br. pg. 14.  The State responds that the judge Awas not asked
to allow additional testimony but only to tender into evidence two exhibits
that were identified and exhaustively discussed through examination and
cross-examination by at least two witnesses.@ State=s
br. pg. 17.  We agree.  We hold the trial judge=s decision to
permit the State to offer exhibits 9 and 12, and to
admit those exhibits was within the zone of reasonable disagreement, and we
will not intercede.  Reyes v. State,
69 S.W.3d 725, 735 (Tex. App.BCorpus Christi
2002, pet. ref=d).  Because there was no abuse of discretion, we
overrule the second point of error.

IV.  Comment On Weight
Of Evidence.

The fourth
point of error contends the trial judge commented on the weight of the
evidence.  Specifically, appellant
complains of the following italicized portion of  an instruction within the jury
charge:  

Our law
provides that a person commits an offense if he knowingly or intentionally
possesses a controlled substance.

 

Cocaine is a
controlled substance listed in Penalty Group I of the Texas Controlled
Substance Act.  The offense is a
felony if the quantity possessed, including any adulterants and dilutants, has
an aggregate weight of less than 1 gram.[7]

 

Appellant
argues that the instruction Aas to what a
felony is and how much constitutes a felony@ is a comment
on the weight of the evidence.  App. br. pg. 19.








This
precise argument has been rejected by this Court.  In Smith v. State, the appellant
complained the trial court erred by informing the jury of the degree of the
offense.  Smith v. State, 761
S.W.2d 546, 548 (Tex. App.BCorpus Christi
1988, no pet.).  The court held that the
degree of the offense is "merely a part of the general definition and
description of that offense as could properly be set forth in the jury
charge."  Id.
at 549.  Consistent with the
holding in Smith, we hold it was not error to include the above
italicized instructions in the jury charge. 
The fourth point of error is overruled.

V.  Improper
Prosecutorial Argument On Parole.

The
fifth point of error relates to the prosecutor=s argument at the punishment phase of the
trial.  As required by article 37.07 of
the Code of Criminal Procedure, the trial judge instructed the jury on the law
of parole.  See Tex. Code Crim. Proc. Ann. art. 37.07,
'
4 (Vernon 1981 & Supp. 2003). And the prosecutor made the following
complained of argument:

One
very important thing to remember has already been alluded to by [defense
counsel] and that is the page on the B about good
time credit and parole.  We can=t tell you how
the Board of Prisons and Parole is going to handle this particular inmate and
when he=s going to be released.

 

The
only thing we can tell you for sure because it=s the only thing we know for sure is that he
will do B whatever your
sentence is, you know he will do at least a quarter.  When his time B plus good time
credit equals a quarter, okay, so it would be less than a quarter, but that=s what we know
for sure, okay.

 

I
hope that makes sense to you.  It=s pretty clearly written and explained
here.  But
that=s the one thing that we can tell you
for sure, okay.  That when
his good time and credit B his good time
and actual time reaches one quarter of whatever you send back is what he will
actually serve before he=s released back
into your community.

 








DEFENSE
COUNSEL:  Your Honor, I object to that.  That is a misstatement of the law.

 

THE COURT:  Sustained.

 

DEFENSE
COUNSEL:  Ask the jury to disregard that
statement.

 

THE COURT:  The jury is so instructed.

 

DEFENSE
COUNSEL:  And, again, your
Honor, I move for a mistrial.

 

THE COURT:  That=s denied
[defense counsel].

 

THE
PROSECUTOR:  I am not sure what I
misstated, your Honor.

 

THE COURT:  You said that he would be released back into
the community. That=s
improper, [prosecutor].

 

THE
PROSECUTOR:  That was a
misstatement.  I did not mean to say
that. That is when he will be come eligible to be released.  I=m
sorry for that.  That=s when he
becomes eligible.  That=s what you know
for sure, okay.

 

Our
law could not be more clear that a prosecutor must
avoid applying the parole law specifically to the defendant on trial.  Perez v. State, 994 S.W.2d 233, 237
(Tex. App.BWaco 1999, no
pet.); Taylor v. State, 911 S.W.2d 906, 911 (Tex. App.BFort Worth
1995, pet. ref'd).  Consequently, we hold
that the complained of portion of the prosecutor's argument was improper.








Generally,
improper jury argument may be cured by an instruction to disregard, unless
"in light of the record as a whole it was extreme or manifestly improper,
violative of a mandatory statute, or injected new facts harmful to the
accused."  Cooks v. State,
844 S.W.2d 697, 727 (Tex. Crim. App. 1992); Reed v. State, 991 S.W.2d
354, 362-63 (Tex. App.BCorpus Christi 1999, pet. ref=d).  Article 37.07, Sec. 4, subsections (c) and
(d) address the mandatory nature of the statute.  See Tex.
Code Crim. Proc. Ann. art.
37.07, ' 4 (c),
(d) (Vernon Supp. 2003).  The
final portion of the instruction required by subsection (c) states:

You may
consider the existence of the parole law and good conduct time. However, you
are not to consider the extent to which good conduct time may be awarded to or
forfeited by this particular defendant. 
You are not to consider the manner in which the parole law may be
applied to this particular defendant.

 

Tex. Code Crim. Proc. Ann. art. 37.07, '4(c)
(Vernon Supp. 2002).  Subsection
(d) of that section provides: AThis section
does not permit the introduction of evidence on the operation of parole and
good conduct time laws.@  Tex. Code Crim. Proc. Ann. art.
37.07, ' 4(d).  In light of the above italicized portions, we
hold the State=s argument
violated a mandatory statute.  Therefore,
we hold the trial court=s instruction
to disregard the argument did not cure the error.








Having
determined the error was not cured, we must conduct a harm analysis.  Wead v. State, No. 13-00-015-CR, 2002
Tex. App. LEXIS 8058, at *11 (Tex. App.BCorpus Christi,
Nov. 13, 2002, no pet.).  To gauge the
harm resulting from this type of error, we employ Rule 44.2(b).  Perez, 994 S.W.2d at
237.  Under that rule, error that
does not affect a substantial right must be disregarded.  A substantial right is effected
when the error had a substantial and injurious effect or influence in
determining the jury's verdict.  King
v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos
v. United States, 328 U.S. 750, 776 (1946)).  If the error had no influence or only a slight
influence on the verdict, it is harmless. 
Johnson v. State, 967 S.W.2d 410, 417 (Tex.
Crim. App. 1998).  However, if the
reviewing court is unsure whether the error affected the outcome, the court
should treat the error as harmful, i.e., as having a substantial and injurious
effect or influence in determining the jury's verdict.  Webb v. State, 36
S.W.3d 164, 182 (Tex. AppBHouston
[14th Dist.] 2000, pet. ref=d).  Neither party has the burden of proof under
rule 44.2(b).  Id.  Rather, the appellate court will examine the
record for purposes of determining harm. 
Id.

Applying this
rule in the context of non-constitutional jury argument error, we apply the
three factors recognized in Mosley v. State, 983 S.W.2d 249, 259 (Tex.
Crim. App. 1998):  (1) severity of the
misconduct; (2) measures adopted to cure the misconduct; and, (3) certainty of
conviction absent the misconduct.  Id.  In the instant case, the misconduct was
severe.  As noted above, the argument
violated a mandatory statute.  Moreover,
this was not an isolated incident, but a repeated reference of how the law of
parole would be applied to appellant, and how much time he would serve Abefore he=s released back
into your community.@








Additionally,
we may consider the additional acts of misconduct when conducting our harm
analysis.  Peak v. State, 57
S.W.3d 14, 19 (Tex. App.BHouston [14th Dist.] 2001, no pet.) (cumulative effect of improper argument is part and parcel of
assessing the severity of the prosecutorial misconduct) (citing
United States v. Friedman, 909 F.2d 705, 709 (2nd Cir. 1990); Floyd
v. Meachum, 907 F.2d 347, 355 (2nd Cir. 1990)).  The remainder of the prosecutor=s argument was
filled with improper comments.  To our
count, the trial judge had sustained four objections prior to the complained of
argument.  These improper arguments
resulted from arguments outside the record, and on how parole was applied to
appellant in an earlier case.  Arguments
outside the record are highly inappropriate. 
Borjan v. State, 787 S.W.2d 53, 57 (Tex. Crim.
App. 1990).  Finally, even after
the complained of argument, the prosecutor made yet another improper argument
on a subject outside the record to which appellant objected and the trial judge
instructed the jury to disregard.  

We next
consider the measures adopted to cure the misconduct.  As noted above the trial judge instructed the
jury to disregard.  However, the
instruction was nothing more than cursory, simply stating AThe jury is so instructed.@  Such a tepid instruction has limited curative
effect.  Compare Glauser v. State,
66 S.W.3d 307, 321 (Tex. App.BHouston [1st
Dist.] 2000, pet. ref=d.) (recognizing Astrong
instruction to disregard@).  This is especially true in the context of
this case where the prosecutor forced the trial judge to give four prior
instructions before the complained of argument, and an additional instruction
following the argument.

The State
argues the fact that the prosecutor apologized for the argument militates
toward a lack of harm.  However, we
reject this argument for two reasons. 
First, our law is clear that Aarguments of
counsel cannot substitute for instructions by the court.@  Taylor v. Kentucky,
436 U.S. 478, 488‑89 (1978); Hutch v. State, 922 S.W.2d 166, 174
(Tex. Crim. App. 1996).  Secondly,
considering an apology as an integral part of a harm analysis would have the
effect of permitting a prosecutor to both create and cure error.  This would wholly undermine any meaningful
harm analysis, and encourage prosecutors to repeat the error with impunity.








Finally, we
consider the certainty of conviction absent the misconduct.  However, since this argument occurred at the
punishment phase, we must consider the certainty of the sentence.  The instant offense was for possession of
less than one gram of cocaine, specifically 0.008 grams.  Normally, such an offense would be a state
jail felony.  However, appellant=s prior felony
convictions caused the range of punishment to be that of a second degree
felony.  Tex. Pen. Code Ann. ' 12.42(a)(2) (Vernon Supp. 2003). 
The jury assessed punishment at eighteen years B the upper end
of that range.  In light of the very
small amount of contraband in this case, we cannot say the severity of the
punishment was certain without the prosecutor=s improper argument.

When the three
factors of Mosley are fairly considered, we find the complained of
argument was part of a studied pattern of improper remarks throughout the
prosecutor=s summation
resulting in severe misconduct.  The
curative action taken by the trial judge was tepid and ineffective in light of
the severity of the misconduct.  Finally,
the near-maximum sentence militates toward a finding of harm.  Consequently, we cannot say with confidence
that the error stemming from the improper argument had no influence or only a
slight influence on the punishment verdict. 
Johnson, 967 S.W.2d at 417.  Therefore, we must treat the error as
harmful.  The fifth point of error is
sustained.[8]

The trial court=s judgment of
conviction is affirmed.  However, because
we sustain the fifth point of error, the judgment of the trial court is
reversed as it relates to the sentence. 
This case is remanded to the trial court for a new trial on the issue of
punishment.  Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp.
2003).

 

 

                                                   


CHARLES F.
BAIRD

Justice

 

 

 

 

 








Publish only
the introductory paragraph and part V., of this opinion.  

Tex. R. App. P.
47.2(b).

 

Opinion
delivered and filed this

the 6th day of
March, 2003.











[1]
Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court
by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code Ann. ' 74.003 (Vernon 1998).





[2]  Although not exclusive, the following is a
list of the factors that may be considered:

1.
Whether the contraband was in plain view or recovered from an enclosed place;

2.
The accused was the owner of the premises or had the right to possess the place
where the contraband was found;

3.
The accused was found with a large amount of cash;

4.
The contraband was conveniently accessible to the accused;

5.
The contraband was found in close proximity to the accused;

6.
A strong residual odor of the contraband was present;

7.
The accused possessed other contraband when arrested;

8.
Paraphernalia to use the contraband was in view, or found on the accused;

9.
The physical condition of the accused indicated recent consumption of the
contraband in question;

10.
Conduct by the accused indicated a consciousness of guilt;

11.
The accused attempted to flee;

12.
The accused made furtive gestures;

13.
The accused had a special connection to the contraband;

14.
The occupants of the premises gave conflicting statements about relevant
matters;

15.
The accused made incriminating statements connecting himself  to the contraband;

16.
The quantity of the contraband; and,

17.
The accused was observed in a suspicious area under suspicious circumstances. 

 

Lassaint v.
State, 79 S.W.3d 736, 740-41 (Tex. App.BCorpus Christi
2002, no pet.).

 





[3]  A pusher was described as a multipurpose tool
to facilitate the consumption and retention of crack cocaine when smoked.  





[4]  This substance was admitted into evidence as
State=s Exhibit 6.





[5]  This was admitted into evidence as State=s
Exhibit 9.





[6]  On cross-examination, Jones further testified
that she and appellant had been involved in a relationship.  That union produced one child.





[7]  All emphasis added unless otherwise
indicated.





[8]  Having sustained this point of error, we need
not address the sixth point of error.