# Court of Appeals
## Tenth Appellate District of Texas

### 10-25-00129-CR

Michael Garcia,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
54th District Court of McLennan County, Texas
Judge Susan N. Kelly, presiding
Trial Court Cause No. 2023-593-C2

JUSTICE SMITH delivered the opinion of the Court.

**MEMORANDUM OPINION**

A jury found Michael Garcia guilty of the felony offense of evading arrest or detention with a vehicle and found that the vehicle was used as a deadly weapon in commission of the offense. *See* TEX. PENAL CODE ANN. §§ 1.07(a)(17)(B), 38.04(b)(2)(A). Garcia pled true to two felony enhancement paragraphs, and the jury assessed his punishment at forty-three years in prison. In two issues on appeal, Garcia contends that the evidence is

insufficient to support the jury's deadly weapon finding and that he was egregiously harmed by alleged jury charge error.  We affirm.

## Sufficiency of the Evidence – Deadly Weapon Finding

In his first issue, Garcia argues that we must strike the jury's deadly weapon finding because there is no evidence that another person was placed in actual danger during the commission of the offense.  We disagree.

STANDARD OF REVIEW AND RELEVANT LAW

To hold evidence legally sufficient to sustain a deadly weapon finding, the evidence must demonstrate that: (1) the object meets the definition of a deadly weapon; (2) the deadly weapon was used or exhibited during the transaction on which the felony conviction was based; and (3) that other people were put in actual danger.  *Brister v. State*, 449 S.W.3d 490, 494 (Tex. Crim. App. 2014).  A vehicle, though not a deadly weapon *per se*, may be a deadly weapon if its manner of use or intended use is capable of causing serious bodily injury or death.  *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(B); *Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003).

We review the evidence in the light most favorable to the deadly-weapon finding to determine whether any rational trier of fact could have found beyond a reasonable doubt that the vehicle was used or exhibited as a deadly weapon. *Id.*

ANALYSIS

Garcia maintains that the State presented only evidence of hypothetical danger to other people during the commission of the offense.

Dash camera video shows that Garcia initially pulled over when law enforcement attempted to initiate a traffic stop for speeding, but then quickly drove off. While turning onto another street, Garcia ran a stop sign. His backseat passenger fell out of the moving vehicle and rolled into the street. Garcia traveled up to 67 miles per hour through a residential neighborhood. He passed multiple vehicles on the roadway while evading, and a few pedestrians were present on the sides of the road. At one point, Garcia moved from the center lane into the left lane without using his turn signal, then swerved back into the center lane to pass a vehicle that had pulled over. The officer then terminated his pursuit "due to the nature of how the vehicle was driving" because he "did not feel like it was safe."

The officer then returned to check on the passenger who rolled out of the vehicle. The passenger informed the officer that "Mike" was the driver and suggested that "Mike" might have fled because he had been drinking. A few minutes later, the officer relocated to where Garcia had veered off the road and crashed the vehicle into a street sign and some landscaping. The vehicle had sustained extensive frontend damage and had been abandoned on the side of

the road. A bystander told officers that they observed two males fleeing from the crashed vehicle. At trial, the backseat passenger who had rolled out of the vehicle confirmed that another individual was riding with him and Garcia. Combined with the bystander's statement, this reasonably suggests that another individual was in Garcia's vehicle when he wrecked it.

Courts have routinely considered excessive speeding through residential neighborhoods, the presence of other motorists or pedestrians, disregarding traffic controls, erratic driving involving abrupt or unsafe maneuvers, and loss of vehicle control in evaluating the sufficiency of evidence supporting a deadly weapon finding. *See, e.g., Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005); *Serrano v. State*, 636 S.W.3d 717, 725-27 (Tex. App.—Fort Worth 2021, pet. ref'd). In addition to the other motorists on the road, we also consider that Garcia posed a danger of serious bodily injury or death to the passenger in his vehicle through the manner in which he drove, culminating in Garcia running off the roadway and crashing through a street sign with force sufficient enough to cause extensive damage to the car. *See Brown v. State*, No. 10-05-00374-CR, 2007 WL 603408, at *6 (Tex. App.—Waco Feb. 21, 2007, pet. ref'd) (mem. op., not designated for publication). Viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found beyond a reasonable doubt that the manner in which Garcia drove

his car during the offense placed others in actual danger of death or serious bodily injury. Accordingly, we overrule Garcia's first issue.

## Jury Charge Error

In his second issue, Garcia claims that the trial court erred by referencing the offense level of a lesser-included offense in the guilt-innocence jury charge. We disagree.

The jury charge included an instruction that would allow the jury to find Garcia guilty of the lesser-included offense of evading detention. *See* TEX. PENAL CODE ANN. § 38.04(b). The instruction stated, "The offense of Evading Detention is a Class A misdemeanor." Garcia asserts that this instruction constitutes improper inclusion of "issues regarding punishment at the guilt-innocence stage." This Court has previously determined that it is not error for a guilt-innocence charge to refer to the general punishment classification of an offense. *Penrose v. State*, No. 10-02-00264-CR, 2004 WL 1903395, at *1 (Tex. App.—Waco Aug. 25, 2004, pet. ref'd) (mem. op., not designated for publication); *see also Smith v. State*, 761 S.W.2d 546, 548-49 (Tex. App.—Corpus Christi-Edinburg 1988, no pet.). Moreover, the charge did not include any explanation about the punishment range applicable a Class A misdemeanor or otherwise provide punishment-related information to the jury. *See Wilson v. State*, 391 S.W.3d 131, 137-38 (Tex. App.—Texarkana 2012, no

pet.) (trial court committed harmless error by advising jury on full range of punishment applicable to lesser-included offense). In accordance with our precedent, we find no error.

Accordingly, Garcia's second issue is overruled.

## Conclusion

Having overruled all of Garcia's issues on appeal, we affirm the trial court's judgment.

_____
STEVE SMITH
Justice

OPINION DELIVERED and FILED: June 25, 2026

Before Chief Justice Johnson,
  Justice Smith, and
  Justice Harris
Affirmed
Do not publish
CRPM

