Daniel Dallas HAWKINS,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–01–584–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

March 6, 2003.

Bryan Laine, Beaumont, for appellant.

Philip Babin, Rodney D. Conerly, Asst. Criminal Dist. Attys., Tom Maness, Criminal Dist. Atty., Beaumont, for appellee.

Before Justices HINOJOSA, YAÑEZ, and BAIRD.[1]

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

## OPINION

Opinion by Justice BAIRD (Assigned).

Appellant was charged by indictment with the offense of possession of a controlled substance, namely cocaine. The indictment also alleged multiple prior felony convictions for the purpose of enhancing the range of punishment. A jury convicted appellant of the charged offense. Following appellant's plea of true, the jury found the enhancement allegations true, and assessed punishment at eighteen years confinement in the Texas Department of Criminal Justice—Institutional Division. Appellant raises six points of error. We affirm the conviction, but reverse and remand for a new trial on punishment.

Parts I, II, III, and IV of this opinion are not designated for publication.

### I. Sufficiency of the Evidence.

The third point of error contends the trial judge erred in denying appellant's motion for instructed verdict. The denial of such a motion is treated as a sufficiency challenge for the purposes of appellate review. *Cook v. State*, 858 S.W.2d 467, 470 (Tex.Crim.App.1993).

### A. Standard of Appellate Review.

■ In determining whether the evidence is legally sufficient to sustain the conviction, we employ the standard of *Jackson v. Virginia* and ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard applies to both direct and circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154, 158 (Tex.Crim.App. 1991), *overruled in part on other grounds*, *Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim.App.2000). In possession of controlled substance cases, two evidentiary requirements must be satisfied: first, the State must prove the defendant exercised actual care, control and management over the contraband; and, second, that he had knowledge that the substance in his possession was contraband. *King v. State*, 895 S.W.2d 701, 703 (Tex.Crim.App.1995). The mere presence of the accused at a place where contraband is located does not make him a party to joint possession, even if he knows of the contraband's existence. *Oaks v. State*, 642 S.W.2d 174, 177 (Tex. Crim.App.1982). Whether the theory of prosecution is sole or joint possession, the evidence must affirmatively link the accused to the contraband in such a manner, and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and that he exercised control over it. *Travis v. State*, 638 S.W.2d 502, 503 (Tex.Crim.App.1982). When an accused is not in exclusive possession and control of the place where contraband is found, it cannot be concluded he had knowledge or control over the contraband unless there are additional independent facts and circumstances that affirmatively link him to the contraband. *Brown v. State*, 911 S.W.2d 744, 748 (Tex. Crim.App.1995). Similarly, when the contraband is not found on the accused's person, or it is not in the exclusive possession of the accused, additional facts and circumstances must link the accused to the contraband. *Menchaca v. State*, 901 S.W.2d 640, 651 (Tex.App.-El Paso 1995, pet. ref'd).

■ The affirmative links doctrine is the appropriate means of applying the *Jackson* rationality standard of appellate review. *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781; *Martinets v. State*, 884 S.W.2d 185, 188 (Tex.App.-Austin 1994, no pet.). Various factors may be considered when deter-

mining whether the evidence is sufficient to affirmatively link the accused with the contraband.[2] The number of the factors is not as important as the logical force the factors have in establishing the elements of the offense. *Jones v. State*, 963 S.W.2d 826, 830 (Tex.App.-Texarkana 1998, pet. ref'd); *Hurtado v. State*, 881 S.W.2d 738, 743 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd); *Gilbert v. State*, 874 S.W.2d 290, 298 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd). While affirmative links may be proved by circumstantial evidence, proof amounting to a strong suspicion or even a probability will not suffice. *Grant v. State*, 989 S.W.2d 428, 433 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (citing *Dubry v. State*, 582 S.W.2d 841, 844 (Tex. Crim.App. [Panel Op.] 1979)). Ultimately, the question of whether the evidence is sufficient to affirmatively link the accused to the contraband must be answered on a case by case basis. *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex.App.-Austin 1991, pet. ref'd).

### B. Factual Summary.

In the instant case, the record evidence reveals the following: On the date of the alleged offense, Beaumont Police Officer Scott Lisenby traveled to a residence in search of an individual. Lisenby knocked on the front door of the residence, and appellant opened the door holding a crack pipe and pusher.[3] Lisenby also noticed a large bulge in appellant's right front pocket. Upon seeing Lisenby, appellant slammed the door, and Lisenby could hear appellant running through the residence. Unable to enter the residence because the door was locked, Lisenby proceeded around the residence, and saw appellant exit through the side door. Lisenby detained appellant in the threshold of that doorway. From that location, Lisenby looked into the residence and saw on a kitchen counter a crack pipe, pusher and a loaded gun. Lisenby handcuffed appellant. While securing the weapon, crack pipe and pusher, Lisenby observed a substance he believed to be crack cocaine.[4] Lisenby also searched appellant's wallet and found a plastic bag containing what Lisenby believed to be cocaine residue.[5]

---

2. Although not exclusive, the following is a list of the factors that may be considered:
 1. Whether the contraband was in plain view or recovered from an enclosed place;
 2. The accused was the owner of the premises or had the right to possess the place where the contraband was found;
 3. The accused was found with a large amount of cash;
 4. The contraband was conveniently accessible to the accused;
 5. The contraband was found in close proximity to the accused;
 6. A strong residual odor of the contraband was present;
 7. The accused possessed other contraband when arrested;
 8. Paraphernalia to use the contraband was in view, or found on the accused;
 9. The physical condition of the accused indicated recent consumption of the contraband in question;
 10. Conduct by the accused indicated a consciousness of guilt;
 11. The accused attempted to flee;
 12. The accused made furtive gestures;
 13. The accused had a special connection to the contraband;
 14. The occupants of the premises gave conflicting statements about relevant matters;
 15. The accused made incriminating statements connecting himself to the contraband;
 16. The quantity of the contraband; and,
 17. The accused was observed in a suspicious area under suspicious circumstances. *Lassaint v. State*, 79 S.W.3d 736, 740–41 (Tex. App.-Corpus Christi 2002, no pet.).

3. A pusher was described as a multipurpose tool to facilitate the consumption and retention of crack cocaine when smoked.

4. This substance was admitted into evidence as State's Exhibit 6.

5. This was admitted into evidence as State's Exhibit 9.

Lisenby testified two other males were in the residence at the time of appellant's arrest: one man was in the bedroom; the second was young and mentally handicapped, and was sitting on the couch. Both of these individuals denied ownership of the gun.

Melissa Taylor, a chemist with the Jefferson County Regional Crime Laboratory, analyzed the contents of State's Exhibit 6, and determined the exhibit contained 0.008 grams of crack cocaine. Charlyn Voight, another chemist with the same laboratory, examined the crack pipe which testified positive for cocaine residue. She also examined the plastic bag seized from appellant's wallet, State's Exhibit 9, and testified the exhibit contained cocaine residue.

Appellant offered the following testimony during his case-in-chief: Ray Brown testified he was in the residence when Lisenby knocked on the door. Brown testified that he did not see a crack pipe and pusher in appellant's hand when he opened the door. Further, Brown did not see a gun. Brown testified that after appellant opened the door, he "closed it right back and left out through the back door." Brown said there was no young mentally handicapped man in the house. Brown further testified that he did not see cocaine, a crack pipe, pusher or gun on the kitchen counter. On cross-examination, Brown admitted being on felony probation for delivery of cocaine.

Rita Jones testified that she too had been at the residence on the date alleged in the indictment. She stated there was no young mentally handicapped male at the residence. Jones testified that while in the residence, she did not see any cocaine, a crack pipe or a gun. As Jones was driving away, a police vehicle pulled up, two officers approached the residence, used their night sticks to knock on the front door, and said: "If you don't come open this door I'm going to kick it down." On cross-examination, Jones stated that she had heard that appellant used crack cocaine. Jones also admitted having a prior conviction for theft and being on probation for delivery of crack cocaine.[6]

## C. Analysis.

As noted above, the question of whether the evidence is sufficient to affirmatively link the accused to the contraband must be answered on a case by case basis. *Whitworth,* 808 S.W.2d at 569. In the instant case, the following factors tend to affirmatively link appellant to the contraband: the contraband was in plain view; appellant was not the owner of the premises, but was an invited guest in the residence where the contraband was found; the contraband was conveniently accessible to, and found in close proximity to appellant; appellant possessed other contraband when arrested; when opening the door, appellant possessed paraphernalia to use the contraband; opening and then quickly closing the door upon seeing Lisenby indicated a consciousness of guilt; and, appellant attempted to flee out the side door of the residence.

On the other hand, the following factors do not affirmatively link appellant to the contraband: appellant was not found with a large amount of cash; there was no strong residual odor of the contraband; appellant's physical condition did not indicate the recent consumption of crack cocaine; beyond the closing of the door upon seeing Lisenby and appellant's attempted flight, there were no furtive gestures; beyond his close proximity and convenient access, appellant had no special connection to the contraband; the occupants of the

---

6. On cross-examination, Jones further testified that she and appellant had been involved in a relationship. That union produced one child.

premises, both Brown and Jones, provided testimony which conflicted with the Lisenby's testimony, but otherwise did not provide testimony which conflicted with each other; appellant made no incriminating statements connecting himself to the contraband; the quantity of the contraband was very small; and, there is no evidence the residence was a suspicious place or that appellant was there under suspicious circumstances.

Under the affirmative links standard of review, the number of links is not as important as the logical force the factors have in establishing the elements of the offense. *Jones*, 963 S.W.2d at 830; *Hurtado*, 881 S.W.2d at 743; *Gilbert*, 874 S.W.2d at 298. When the factors which affirmatively link appellant to the contraband are viewed in the light most favorable to the prosecution, we hold a rational trier of fact could have found beyond a reasonable doubt that appellant exercised actual care, control and management over the contraband, and did so with the knowledge that the substance was contraband. *King*, 895 S.W.2d at 703. Consequently, we hold the trial judge did not err in denying appellant's motion for instructed verdict. The third point of error is overruled.

## II. Jury Arguments.

The first point of error contends the trial judge erred in several respects during the State's jury arguments. We read appellant's brief as raising two separate claims: first, certain arguments were improper because they were outside the record; and, second, other arguments were improper because they invaded the province of the jury.

### A. Permissible Jury Argument.

▬▬ To be permissible, the State's jury argument must fall within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Borjan v. State*, 787 S.W.2d 53, 55 (Tex.Crim.App.1990); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim.App.1973). It has long been established that a prosecutor cannot use closing argument to place matters before the jury that are outside the record and prejudicial to the accused. *Everett v. State*, 707 S.W.2d 638, 641 (Tex. Crim.App.1986). Arguments referencing matters that are not in evidence and may not be inferred from the evidence are usually "designed to arouse the passion and prejudices of the jury and as such are highly inappropriate." *Borjan*, 787 S.W.2d at 57. Counsel is allowed wide latitude in drawing inferences from the evidence so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith. *Bigley v. State*, 831 S.W.2d 409, 414 (Tex.App.-Austin 1992), *aff'd*, 865 S.W.2d 26 (Tex.Crim.App.1993).

### B. Arguments Outside The Record.

Appellant argues that five separate arguments were outside the record. We will address these *seriatim*.

#### i.

▬▬ The following argument was made by the State after summing up the trial testimony: "I submit to you that that's what goes on [at the residence]. They smoke crack. They sell crack. And that's—" Appellant's objection was overruled by the trial judge. We find this argument was a reasonable deduction from the evidence in light of the testimony developed at trial, namely that both Brown and Jones were on community supervision for delivery of cocaine, and Jones having heard that appellant consumed cocaine. *See id.* Therefore, the trial judge did not err by overruling appellant's objection.

## ii.

The following argument was made by the State describing the conduct of appellant closing the door immediately upon seeing Lisenby: "What did he do next? Well, he ran to the back of the house and he threw the stuff down on the counter...." Appellant's objection was overruled by the trial judge. We find this argument was a reasonable deduction from the evidence in light of Lisenby's testimony that the crack pipe and pusher recovered from the counter were the same as those held by appellant when he opened the door. *See id.* Therefore, the trial judge did not err by overruling appellant's objection.

## iii.

The following argument was made by the State when apparently holding up State's Exhibit 9, which was the plastic bag containing cocaine residue seized from appellant's wallet: "And it's a bag with some very little of—if anything is left in here—I see some residue in there." Appellant's objection was sustained by the trial judge, who also instructed the jury to disregard the argument. The trial judge denied appellant's motion for mistrial.

The State may use opinion argument if it is based on evidence, and not unsworn testimony. *Allridge v. State,* 762 S.W.2d 146 (Tex.Crim.App.1988). As noted above, Charlyn Voight testified State's Exhibit 9, contained cocaine residue. Therefore, we hold the State's argument was permissible. Since the argument was proper, the trial judge did not err in denying appellant's motion for mistrial. And even if the argument was improper opinion, any possible error was cured by the court's instruction to disregard. *Bigley,* 831 S.W.2d at 415.

## iv.

Immediately after the trial judge denied appellant's motion for mistrial following the argument complained of in part iii, *supra,* the prosecutor stated: "But you all can look at [State's Exhibit 9]. You can ask for it if you want to." Appellant objected and the trial judge overruled the objection stating: "He can ask the jury to look at this." We hold this was a correct statement of the law. Article 36.25 of the Code of Criminal Procedure provides: "There shall be furnished to the jury upon its request any exhibits admitted as evidence in the case." TEX.CODE CRIM. PROC. ANN. art. 36.25 (Vernon 1981). Therefore, the trial judge did not err in overruling appellant's objection.

## v.

The State mentioned in its argument a discussion that occurred at voir dire, but not during the trial. The trial judge sustained appellant's objection, instructed the jury to disregard the argument, and denied appellant's motion for mistrial. We hold this argument was improper because statements and comments made during voir dire do not constitute evidence. However, we further find that since the argument was not "extreme or manifestly improper, violative of a mandatory statute, [nor] injected new facts harmful to the accused," the trial judge's instruction to disregard the argument was sufficient to cure the error. *Cooks v. State,* 844 S.W.2d 697, 727 (Tex.Crim.App. 1992); *Reed v. State,* 991 S.W.2d 354, 362–63 (Tex.App.-Corpus Christi 1999, pet. ref'd). Consequently, the trial judge did not err in denying appellant's motion for mistrial.

### C. Arguments Invading Province Of The Jury.

Appellant cites three separate arguments as being improper because they

invaded the province of the jury. We reject these claims for two reasons. First, appellant did not lodge an objection on this basis in the trial court. Therefore, this argument is not preserved for our review. *Coffey v. State*, 796 S.W.2d 175, 179 (Tex. Crim.App.1990) (a point of error that does not comport with the trial objection presents nothing for review). Second, the trial judge sustained each of these objections and instructed the jury to disregard the arguments. Consequently, any error stemming from the arguments was cured. *Cooks*, 844 S.W.2d at 727; *Reed*, 991 S.W.2d at 362–63. Consequently, the trial judge did not err in denying appellant's motions for mistrial.

The first point of error is overruled.

### III. Evidentiary Rulings.

■ The second point of error contends the trial judge erred in admitting State's Exhibits 9 and 12 after the State had rested. These two exhibits were discussed at length during the State's case-in-chief. However, the prosecutor failed to offer the exhibits during that portion of the trial. Immediately after resting, but before appellant moved for an instructed verdict, the State moved to reopen "to offer these exhibits that I didn't actually tender into evidence before I rested." The trial judge opted not to rule upon that request until appellant's motion for instructed verdict could be heard. The trial judge ultimately overruled that motion. Defense counsel then made an opening statement, tendered the testimony of Brown and Jones, and rested. The jury was then retired, and the charge was discussed. Then the prosecutor offered State's Exhibits 9 and 12 into evidence. Defense counsel objected to the exhibits on the basis that the offer was untimely, and that the proper predicate and chain of custody had not been established. The trial judge overruled those objections, and admitted the exhibits. The jury returned

and the trial judge immediately read the final version of the jury charge.

Article 36.02 of the Code of Criminal Procedure grants to the trial court the power to "allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." TEX.CODE CRIM. PROC. ANN. art. 36.02 (Vernon 1989). The decision of whether to reopen a case lies within the sound discretion of the trial court. *Zayas v. State*, 972 S.W.2d 779, 792 (Tex.App.-Corpus Christi 1998, pet. ref'd). The substance of the evidence is an important factor in determining whether an abuse of discretion occurred. *Wright v. State*, 644 S.W.2d 525, 527 (Tex.App.-Corpus Christi 1982, no pet.).

Appellant argues permitting the State to reopen was an abuse of discretion because "[e]ven though [a]ppellant had a chance to cross-examine [Voight], his right to probe further into the admissibility of the evidence was thwarted." App. br. pg. 14. The State responds that the judge "was not asked to allow additional testimony but only to tender into evidence two exhibits that were identified and exhaustively discussed through examination and cross-examination by at least two witnesses." State's br. pg. 17. We agree. We hold the trial judge's decision to permit the State to offer exhibits 9 and 12, and to admit those exhibits was within the zone of reasonable disagreement, and we will not intercede. *Reyes v. State*, 69 S.W.3d 725, 735 (Tex.App.-Corpus Christi 2002, pet. ref'd). Because there was no abuse of discretion, we overrule the second point of error.

### IV. Comment On Weight Of Evidence.

■ The fourth point of error contends the trial judge commented on the weight of the evidence. Specifically, appellant com-

plains of the following italicized portion of an instruction within the jury charge:

> Our law provides that a person commits an offense if he knowingly or intentionally possesses a controlled substance.
>
> Cocaine is a controlled substance listed in Penalty Group I of the Texas Controlled Substance Act. *The offense is a felony if the quantity possessed, including any adulterants and dilutants, has an aggregate weight of less than 1 gram.*[7]

Appellant argues that the instruction "as to what a felony is and how much constitutes a felony" is a comment on the weight of the evidence. App. br. pg. 19.

This precise argument has been rejected by this Court. In *Smith v. State*, the appellant complained the trial court erred by informing the jury of the degree of the offense. *Smith v. State*, 761 S.W.2d 546, 548 (Tex.App.-Corpus Christi 1988, no pet.). The court held that the degree of the offense is "merely a part of the general definition and description of that offense as could properly be set forth in the jury charge." *Id.* at 549. Consistent with the holding in *Smith*, we hold it was not error to include the above italicized instructions in the jury charge. The fourth point of error is overruled.

## V. Improper Prosecutorial Argument On Parole.

■ The fifth point of error relates to the prosecutor's argument at the punishment phase of the trial. As required by article 37.07 of the Code of Criminal Procedure, the trial judge instructed the jury on the law of parole. *See* Tex.Code Crim. Proc. Ann. art. 37.07, § 4 (Vernon 1981 & Supp.2003). And the prosecutor made the following complained of argument:

> One very important thing to remember has already been alluded to by [de-

fense counsel] and that is the page on the—about good time credit and parole. We can't tell you how the Board of Prisons and Parole is going to handle this particular inmate and when he's going to be released.

The only thing we can tell you for sure because it's the only thing we know for sure is that *he* will do—whatever your sentence is, you know *he will do at least a quarter. When his time—plus good time credit equals a quarter, okay, so it would be less than a quarter, but that's what we know for sure, okay.*

I hope that makes sense to you. It's pretty clearly written and explained here. *But that's the one thing that we can tell you for sure, okay. That when his good time and credit—his good time and actual time reaches one quarter of whatever you send back is what he will actually serve before he's released back into your community.*

DEFENSE COUNSEL: Your Honor, I object to that. That is a misstatement of the law.

THE COURT: Sustained.

DEFENSE COUNSEL: Ask the jury to disregard that statement.

THE COURT: The jury is so instructed.

DEFENSE COUNSEL: And, again, your Honor, I move for a mistrial.

THE COURT: That's denied [defense counsel].

THE PROSECUTOR: I am not sure what I misstated, your Honor.

THE COURT: You said that he would be released back into the community. That's improper, [prosecutor].

THE PROSECUTOR: That was a misstatement. I did not mean to say that. That is when he will be come eligible to be released. I'm sorry for that. That's

---

7. All emphasis added unless otherwise indicated.

when he becomes eligible. That's what you know for sure, okay.

Our law could not be more clear that a prosecutor must avoid applying the parole law specifically to the defendant on trial. *Perez v. State*, 994 S.W.2d 233, 237 (Tex. App.-Waco 1999, no pet.); *Taylor v. State*, 911 S.W.2d 906, 911 (Tex.App.-Fort Worth 1995, pet. ref'd). Consequently, we hold that the complained of portion of the prosecutor's argument was improper.

■ Generally, improper jury argument may be cured by an instruction to disregard, unless "in light of the record as a whole it was extreme or manifestly improper, violative of a mandatory statute, or injected new facts harmful to the accused." *Cooks v. State*, 844 S.W.2d 697, 727 (Tex. Crim.App.1992); *Reed v. State*, 991 S.W.2d 354, 362–63 (Tex.App.-Corpus Christi 1999, pet. ref'd). Article 37.07, Sec. 4, subsections (c) and (d) address the mandatory nature of the statute. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(c), (d) (Vernon Supp.2003). The final portion of the instruction required by subsection (c) states:

> You may consider the existence of the parole law and good conduct time. *However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.*

TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(c) (Vernon Supp.2002). Subsection (d) of that section provides: *"This section does not permit the introduction of evidence on the operation of parole and good conduct time laws."* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(d). In light of the above italicized portions, we hold the State's argument violated a mandatory statute. Therefore, we hold the trial court's instruction to disregard the argument did not cure the error.

■ Having determined the error was not cured, we must conduct a harm analysis. *Wead v. State*, 94 S.W.3d 131, 137 (Tex.App.-Corpus Christi, 2002, no pet.), 2002 Tex.App. LEXIS 8058, at * 11. To gauge the harm resulting from this type of error, we employ Rule 44.2(b). *Perez*, 994 S.W.2d at 237. Under that rule, error that does not affect a substantial right must be disregarded. A substantial right is effected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim.App.1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). If the error had no influence or only a slight influence on the verdict, it is harmless. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App.1998). However, if the reviewing court is unsure whether the error affected the outcome, the court should treat the error as harmful, i.e., as having a substantial and injurious effect or influence in determining the jury's verdict. *Webb v. State*, 36 S.W.3d 164, 182 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd). Neither party has the burden of proof under rule 44.2(b). *Id.* Rather, the appellate court will examine the record for purposes of determining harm. *Id.*

■ Applying this rule in the context of non-constitutional jury argument error, we apply the three factors recognized in *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim.App.1998):(1) severity of the misconduct; (2) measures adopted to cure the misconduct; and, (3) certainty of conviction absent the misconduct. *Id.* In the instant case, the misconduct was severe. As noted above, the argument violated a mandatory statute. Moreover, this was not an isolated incident, but a repeated reference of how the law of parole would be applied to appellant, and how much

time he would serve *"before he's released back into your community."*

Additionally, we may consider the additional acts of misconduct when conducting our harm analysis. *Peak v. State*, 57 S.W.3d 14, 19 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (cumulative effect of improper argument is part and parcel of assessing the severity of the prosecutorial misconduct) (citing *United States v. Friedman*, 909 F.2d 705, 709 (2nd Cir.1990); *Floyd v. Meachum*, 907 F.2d 347, 355 (2nd Cir.1990)). The remainder of the prosecutor's argument was filled with improper comments. To our count, the trial judge had sustained four objections prior to the complained of argument. These improper arguments resulted from arguments outside the record, and on how parole was applied to appellant in an earlier case. Arguments outside the record are highly inappropriate. *Borjan v. State*, 787 S.W.2d 53, 57 (Tex.Crim.App.1990). Finally, even after the complained of argument, the prosecutor made yet another improper argument on a subject outside the record to which appellant objected and the trial judge instructed the jury to disregard.

We next consider the measures adopted to cure the misconduct. As noted above the trial judge instructed the jury to disregard. However, the instruction was nothing more than cursory, simply stating "The jury is so instructed." Such a tepid instruction has limited curative effect. *Compare Glauser v. State*, 66 S.W.3d 307, 321 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd.) (recognizing "strong instruction to disregard"). This is especially true in the context of this case where the prosecutor forced the trial judge to give four prior instructions before the complained of argument, and an additional instruction following the argument.

■ The State argues the fact that the prosecutor apologized for the argument militates toward a lack of harm. However, we reject this argument for two reasons. First, our law is clear that "arguments of counsel cannot substitute for instructions by the court." *Taylor v. Kentucky*, 436 U.S. 478, 488–89, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978); *Hutch v. State*, 922 S.W.2d 166, 174 (Tex.Crim.App.1996). Secondly, considering an apology as an integral part of a harm analysis would have the effect of permitting a prosecutor to both create and cure error. This would wholly undermine any meaningful harm analysis, and encourage prosecutors to repeat the error with impunity.

Finally, we consider the certainty of conviction absent the misconduct. However, since this argument occurred at the punishment phase, we must consider the certainty of the sentence. The instant offense was for possession of less than one gram of cocaine, specifically 0.008 grams. Normally, such an offense would be a state jail felony. However, appellant's prior felony convictions caused the range of punishment to be that of a second degree felony. Tex. Pen.Code Ann. § 12.42(a)(2) (Vernon Supp.2003). The jury assessed punishment at eighteen years—the upper end of that range. In light of the very small amount of contraband in this case, we cannot say the severity of the punishment was certain without the prosecutor's improper argument.

When the three factors of *Mosley* are fairly considered, we find the complained of argument was part of a studied pattern of improper remarks throughout the prosecutor's summation resulting in severe misconduct. The curative action taken by the trial judge was tepid and ineffective in light of the severity of the misconduct. Finally, the near-maximum sentence militates toward a finding of harm. Consequently, we cannot say with confidence that the error stemming from the improper argument had no influence or only a

slight influence on the punishment verdict. *Johnson*, 967 S.W.2d at 417. Therefore, we must treat the error as harmful. The fifth point of error is sustained.[8]

The trial court's judgment of conviction is affirmed. However, because we sustain the fifth point of error, the judgment of the trial court is reversed as it relates to the sentence. This case is remanded to the trial court for a new trial on the issue of punishment. TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.2003).

8. Having sustained this point of error, we need not address the sixth point of error.