NUMBER 13-01-584-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG 

                                                                                                                     


 

DANIEL DALLAS HAWKINS, JR.                                                    Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

                                                                                                                     


 

    On
appeal from the 252nd District Court of Jefferson County, Texas

                                                                                                                     


 

                                 OPINION
ON REMAND

 

                        Before
Justices Hinojosa, Yañez, and Baird[1]

Opinion On Remand
by Justice Baird








On direct appeal, we affirmed appellant=s conviction. 
Hawkins v. State, 99 S.W.3d 890, 899‑900 (Tex. App.BCorpus Christi 2003), rev'd, 135 S.W.3d 72
(Tex. Crim. App. 2004).  However, we sustained
the fifth issue, reversed the trial court=s judgment, and remanded the case for a new trial on
the issue of punishment.  See id.;  Tex.
Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2004-05).  The court of criminal appeals reversed our
decision and remanded this case for consideration of appellant=s remaining issue. 
See Hawkins v. State, 135 S.W.3d 72, 85 (Tex. Crim. App.
2004).  We now address that issue.

The sixth and final issue contends the cumulative
effect of the errors at appellant=s trial requires reversal.[2]  The doctrine of cumulative error is
recognized in Texas.  Chamberlain v.
State, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999) (citing Stahl v. State,
749 S.W.2d 826, 832 (Tex. Crim. App. 1988)); see Mata v. State, 141
S.W.3d 858, 869 (Tex. App.BCorpus Christi 2004, pet. granted).  Under this doctrine, a number of errors may
be found harmful in their cumulative effect. 
Chamberlain, 998 S.W.2d at 238. 

On direct appeal, we considered four separate issues
in which appellant argued the trial court erred.[3]  We overruled three of those issues.  While we did find error and harm stemming
from the fifth issue, our decision related to that point has been reversed.  Therefore, appellant is in the untenable
position of asking us to consider the cumulative effect of non-existent
error.  Because there was no error
committed by the trial court in the preceding issues, the sixth issue must
necessarily be overruled.








The judgment of the trial court is affirmed.

 

 

_____________________________

Charles F. Baird

Assigned Justice

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Opinion
on Remand delivered and filed

this
the 14th day of July, 2005.











[1] Former Texas Court of Criminal
Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of
the Supreme Court of Texas.  See Tex. Gov=t Code
Ann. ' 74.003 (Vernon 2005).





[2] 
In addition to their original briefs, appellant and the State have filed
briefs to facilitate our consideration of this issue.  Also, in his brief on remand, appellant
invites us to reconsider our resolution of the third issue.  We decline this invitation for two
reasons.  First, we continue to believe
our treatment of this issue on direct appeal was correct. Second, the opinion
of the Court of Criminal Appeals limits our consideration to the remaining
issue.





[3]The remaining issue challenged the
sufficiency of the evidence to support appellant=s conviction.  See footnote 2, supra.