**685-15**

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

ORIGINAL

FROM THE
ELEVENTH COURT OF APPEALS
EASTLAND, TEXAS

Cause No. 11-11-00241-CR

AND

THE 35TH DISTRICT COURT
BROWN COUNTY, TEXAS

Trial No. CR20133

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 15 2015

Abel Acosta, Clerk

PETITION FOR DISCRETIONARY REVIEW

JOHNATHEN HARRISON
TDCJ-ID #1670858
MARK W. STILES UNIT
3060 FM 3514
BEAUMONT, TEXAS 77705

PRO-SE

FILED IN
COURT OF CRIMINAL APPEALS

SEP 17 2015

Abel Acosta, Clerk

# TABLE OF CONTENTS

LIST OF PARTIES                                       i

INDEX OF AUTHORITIES                                  iii

STATEMENT REGARDING ORAL ARGUMENT                     iv

STATEMENT OF THE CASE                                 v

STATEMENT OF PROCEDURAL HISTORY                       vi

GROUNDS FOR REVIEW                                    vii

ARGUMENTS

    Ground One                                        1

    Ground Two                                        3

    Ground Three                                      5

    Ground Four                                       7

PRAYER                                                10

CERTIFICATE OF SERVICE                                10

# LIST OF PARTIES

State's Trial Attorney:

Sam Moss
SBN: 24030039
Assistant District Attorney
35th Judicial District Court
Brown County, Texas
200 S. Broadway, Suite 323
Brownwood, Texas 76801
Tel: 325-646=0444

Petitioner's Trial Attorneys:

Evan. Pierce-Jones
Attorney For Johnathen Lee Harrison
SBN: 15999400
430 W. Beauregard Ave., Suite B
San Angelo, Texas 76903
Tel:325-659-8929

Jeff Robnett
Attorney for Richard George Baker, Jr.
SBN: 17118450
PO Box 1583
Midland, Texas 79702-1583
Tel: 432-682-6140

Attorney for Petitioner:

Rudy Taylor Law
Criminal Trial & Appellate Lawyer
SBN: 24039498
205 Center Avenue
Brownwood, Texas 76801
Tel: 325-646-7440

# INDEX OF AUTHORITIES

**SUPREME COURT CASES**                                                                 Page

Chapman v. California, 87 S.Ct. 824 (1967)                                                9
Jackson v. Virginia, 99 S.Ct. 2781 (1979)                                                7
Smith v. Cain, 132 S.Ct. 627 (2012)                                                      7

**FEDERAL CASES**

U.S. v. Carona, 551 F.3d 1386 (5th Cir. 1977)                                            1
U.S. v. Raney, 633 F.3d 385 (5th Cir. 2011)                                              4

**STATE CASES**

Allen v. State, 149 S.W.3d 254 (Tex.App.-Fort Worth 2004)                                1
Borjon v. State, 787 S.W.2d 53,57 (Tex.Crim.App. 1990)                                   3,4
Brown v. State, 96 S.W.3d 508 (Tex.Crim.App. 2002)                                       3
Bufkin v. State, 207 S.W.3d 779 (Tex.Crim.App. 2006)                                     1,2
Gonzales v. State, 115 S.W.3d 278 (Tex.App.-Corpus Christi 2003)                         3
Hawkins v. State, 99 S.W.3d 890 (Tex.App.-Corpus Christi 2003)                           6
Nickerson v. State, 312 S.W.3d 250 (Tex.App.-Houston [14th Dist] 2010)                   5
Snowden v. State, 353 S.W.3d 815 (Tex.Crim.App. 2011)                                    9

**UNITED STATES CONSTITUTION**

Fourteenth Amendment                                                                     1,5

**TEXAS CONSTITUTION**

Article 5, §13                                                                           5

**TEXAS PENAL CODE**

Section 2.01                                                                             8

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner does not request oral argument as the decisional process of this court would not be significantly aided by oral argument since the facts and legal arguments are adequately presented in the petition submitted to this Court by the Petitioner.

The Petitioner does request oral argument if the State does so, but other than that, he does not.

## STATEMENT OF THE CASE

The Petitioner was indicted April 23, 2009 for the offense of Burglary of a Habitation with the commission of a Sexual Assault. The Petitioner pled "not guilty" and proceeded to Jury Trial on September 13, 2010. The Petitioner was known to the alleged victim and she testified that the Petitioner and a co-defendant entered her home without consent and sexually assaulted her. The evidence consisted of the alleged victims testimony and the contradictory testimony of the emergency room physician who examined the alleged victim.

The Petitioner diligently maintained that he had consensual sex with the alleged victim and produced witness testimony from an acquaintance familiar with both the petitioner and the alleged victim, who testified that: (1) The alleged victim gave the Petitioner directions to her house; (2) The alleged victim left the witness's house with the Petitioner; and (3) The alleged victim made arangements for the witness to baby-sit her child while she was gone with the Petitioner.

The Petitioner steadfastly maintained that he had consensual sex with the alleged victim and entered her home only with her permission. Petitioner contends he was wrongly convicted.

## STATEMENT OF PROCEDURAL HISTORY

The Petitioner was not appointed Appellate Counsel in sufficient time to file a Notice of Appeal. Petitioner filed a Writ of Habeas Corpus and was granted relief and allowed to file an out of time appeal. The Eleventh Court of Appeals, at Eastland, Texas, filed a written opinion on August 15, 2013. The Appeals Court also issued a Judgment on that same date, Affirming the Petitioner's conviction and judgment by the Trial Court. No motion for re-hearing was filed.

## GROUNDS FOR REVIEW

1.  The Appellate Court erred in determining that the Trial Court did not abuse its discretion by denying the Petitioner's motion for a mistrial, when the Prosecutor accused the Petitioner's defense counsel of being a "Liar" before the jury. This undermined the integrity of Petitioner's defense counsel and prejudiced the Petitioner, having an injurious effect on the jury's verdict. The Petitioner asserts that the Trial Court should have declared a mistrial and it's instruction to disregard such a prejudicial statement was insufficient to cure such a harmful error.

2.  The Appellate Court erred in determining that the Trial Court did not abuse its discretion by admitting evidence that the Petitioner had a "White Power" tattoo, which was actually a "White Pride" tattoo. This evidence had no elemental or evidentiary value and was more prejudicial than probative. The matter of the Petitioner's tattoo was outside the record or the evidence of the case and was introduced by the Prosecutor to arouse the passion and prejudice of the jury and caused the Petitioner egregious harm.

3.  The Appellate Court erred in determining that the prosecutor did not prejudice the Petitioner by pointing out the alleged victim as she sat in the courtroom evidence during the prosecutor's closing argument; making personal opinion comments as to the alleged victim's appearance and conduct; and that the Trial Court did not abuse its discretion by allowing the prosecutor to place matters before the jury and outside of the record. This prejudiced the Petitioner, causing him egregious harm.

4.  The evidence was insufficient to support the conviction of the Petitioner for Burglary of a Habitation with commission of a Sexual Assault. The alleged victim's testimony was contradictory making it unreliable. The

emergency room physician's testimony, who examined the alleged victim, was contradictory and inconclusive. There was also contrary evidence in the form of testimony from a witness who stated that the alleged victim gave the Petitioner directions to her home and left with the Petitioner from the witness's home, and made arrangements with the witness to baby-sit her child while she was gone with the Petitioner.

## ARGUMENT

### GROUND ONE

The Appellate Court erred in determining that the Trial Court did not abuse its discretion by denying the Petitioner's motion for a mistrial when the prosecutor accused the Petitioner's defense counsel of being a "Liar" before the jury. This prejudiced the Petitioner and had an injurious effect on the jury's verdict, violating Petitioner's right to due process and a fair trial. see: U.S. v. Carona, 551 F.2d 1386 (5th Cir. 1977); U.S.C.A. Const. Amend. 14

> "It is the duty of every lawyer not to insert his
> personal opinion as to justness of cause, credibility
> of witnesses, counsel's argument, or guilt and
> innocence of the accused."

During closing arguments, the prosecutor called the Petitioner's counsel a "Liar" regarding the ambiguity of the State's medical evidence, in front of the jury (RR.v.3,pp. 140)

> "Both defense counsel start talking about this
> medical evidence and--I don't know. I think flat out
> lie about it."

This is clearly an improper and prejudicial statement by the prosecutor, which disparged defense counsel's integrity and credibility, causing the Petitioner sufficient harm to undermine confidence in the jury's verdict. see; Allen v. State, 149 S.W.3d 254 (Tex.App.-Fort Worth 2004)

> "Prosecutor made improper closing argument by expressing
> his personal opinion regarding defense counsel's
> argument and engaged in unprovoked personal attack on
> defense counsel prejudicing the defendant."

Defense counsel is allowed to controvert the State's alleged facts and by ridiculing and calling the Petitioner's defense counsel names, the State violated the Petitioner's right to a fair trial. see: Bufkin v. State, 207 S.W.3d 779 (Tex.Crim.App. 2006)

> "A criminal defendant has the right to controvert
> the facts upon which the prosecution intends to rely.
> And that right includes claiming that events unfolded

in a way different than the State has alleged."

Such improper, inflammatory and improper statements by the prosecutor in front of the jury prejudiced the Petitioner and had an injurious effect on the jury's verdict causing the Petitioner egregious harm and therefore the Petitioner's conviction should be reversed and remanded back to the trial court for a new trial.

## ARGUMENT

### GROUND TWO

The Appellate Court erred in determining that the Trial Court did not abuse its discretion by admitting evidence that the Petitioner had a "White Pride" tattoo and allowed the prosecutor to show the jury a picture of the Petitioner's tattoo which prejudiced and inflamed the jury, violating the Petitioner's right to a fair trial and due process. This evidence was more prejudicial than probative and had no evidentiary value. see: Brown v. State, 96 S.W.3d 508 (Tex.Crim.App. 2002)

> "To be admissible extraneous evidence must establish some elemental or evidentiary fact or rebut some defensive theory."

The prosecutor introduced this picture of the Petitioner's tattoo in order to prejudice the Petitioner to the jury. This evidence was meant to harm the Petitioner. The prosecutor's claim that it was necessary to identify the Petitioner was unfounded. The Petitioner was personally known by the alleged victim who did not require a tattoo to identify him. The prosecutor deliberately inferred that the Petitioner was a White Supremacist or gang related, and this placed matters before the jury taht were outside of the record and prejudicial to the Petitioner. see: Gonzales v. State, 115 S.W.3d 278 (Tex.App.-Corpus Christi 2003)

> "A prosecutor cannot place matters before the jury that are outside the record and prejudicial to the accused."

The picture of the Petitioner's tattoo was meant to sway the jury as to the Petitioner's character and prejudice the Petitioner and ensure that the jury convicted him. This was clearly improper by the prosecutor and undermines confidence in the jury's verdict. see: Borjon v. State, 787 S.W.2d 53,57 (Tex. Crim.App. 1990)

> "Matters that are not in evidence and may not be

> inferred by the evidence are usually designed to
> arouse the passion and prejudice of the jury and
> as such are highly inappropriate."

See also: U.S. v. Raney, 633 F.3d 385 (5th Cir. 2011)

> "A prosecutor is not permitted to make an appeal
> to prejudice calculated to inflame the jury."

The Petitioner asserts that the Trial Court abused its discretion in admitting such prejudicial evidence that had no probative value. That this evidence caused the Petitioner egregious harm and as a result, his conviction should be reversed and remanded for a new trial.

# ARGUMENT

## GROUND THREE

The Appellate Court erred in ruling that the Trial Court did not abuse its discretion by permitting the prosecutor to point out the alleged victim, sitting in the courtroom audience, during closing arguments to the jury. Then directed personal opinion comments to the alleged victim during his closing argument. This prejudiced the Applicanct and had an injurious effect on the jury's verdict, violating Petitioner's right to a fair trial and due process. see: Nickerson v. State, 312 S.W.3d 250 (Tex.App.-Houston [14th Dist.] 2010); Const. Amend. U.S.C.A. 14; Tex. Const. Art. 5 §13

> "Prosecutor attempting to humanize victim during
> closing argument of guilt innocence phase with
> extraneous information outside the record and
> making personal opinion comments about the victim
> were improper."

The prosecutor made direct reference to the alleged victim and pointed her out to the jury and made personal opinion comments directly to the alleged victim during closing argument. see: (RR.v.3,pp. 137-150)

> "The one good move as a matter that you did and you
> should be proud of yourself-- You looked out for your
> child and gave him to his father."

> "After they raped her, she struggled with them, because
> she can't fight back, she is not strong enough, she is
> beat down, she is battered, you can see that."

This is paticularly misleading, prejudicial and inflamatory. This was clearly the personal opinion of the prosecutor. This was also extraneous information outside the record and prejudicial to the Petitioner. The trial from this alleged crime was a year later. There was no evidence, medical or otherwise, that the alleged victim was beaten or battered, and in fact, the only evidence of physical injury to the alleged victim were two small abrasions on her vagina that could have resulted from consensual sex with insufficient lubrication, not rape. To characterize the alleged victim as beat down and battered was not only extraneous information outside the record, but the

5.

evidence itself reveals no such injury, making this a false misleading statement to the jury. see: Hawkins v. State, 99 S.W.3d 890 (Tex.App.-Corpus Christi 2003)

> "A prosecutor cannot use closing argument to place matters that are outside the record and prejudicial to the accused."

The Applicant asserts that as a result of the prosecutor placing matters outside the record in order to prejudice and inflame the jury, and the Trial Court allowing such inadmissible and improper conduct; the Petitioner's right to a fair trial and due process were violated. The Petitioner's conviction should therefore be reversed and remanded to the Trial Court for a new trial.

## ARGUMENT

### GROUND FOUR

The evidence is insufficient to support the Petitioner's conviction of Burglary of a Habitation in the Commission of a Sexual Assault, violating the Petitioner's right to due process. see: Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)

> "All convictions by a state court must be supported
> by the evidence. And that evidence must prove all the
> essential elements of the charge beyond a reasonable
> doubt."

There was sufficient contrary evidence that outweighs any evidence of guilt. Since the only evidence to support the Petitioner's conviction was the alleged victim's claim that she was raped and inconsistent testimony from the physician who examined her, who admitted that the two abrasions found on the alleged victim's vagina could have resulted from consensual intercourse in a missionary position with inadequate lubrication. (RR.v.3,pp. 258-263).

Danessa Gomez testified that the alleged victim left Ms. Gomez's home with the Petitioner and his co-defendant, 'after' giving the Petitioner directions to her home. The alleged victim herself admitted under oath, that she used drugs in front of her young son, and had multiple, extramarital, affairs while she was married to the child's father. This contrary evidence far outweighs any evidence that any reasonably minded jury could consider sufficient to support a conviction. Had the prosecutor not engaged in misconduct in order to prejudice and inflame the jury, there is a reasonable probability that the jury would have reached a different verdict. see: Smith v. Cain, 132 S.Ct. 627, 181 L.Ed.2d 571, 80 U.S.L.W. 4028 (2012)

> "A reasonable probability is the likelihood of a
> different result, great enough to undermine confidence
> in the outcome of a trial."

The Petitioner asserts that the evidence is insufficient to support his conviction. The alleged victim and the expert medical testimony is inconsistent,

7.

the prosecutor deliberately engaged in conduct to inflame and prejudice the jury and the contrary evidence outweighed the evidence supporting the Petitioner's conviction. see: Zuniga v. State, 144 S.W.3d 477 (Tex.Crim.App. 2004)

> "Contrary evidence in a criminal case does not
> have to outweigh evidence of guilt, but has to
> be only enough to provide reasonable doubt; if
> contrary evidence does outweigh evidence supporting
> the verdict, then the beyond a reasonable doubt
> standard has not been met by the State."

Therefore, the Petitioner asserts that the State did not meet the reasonable doubt standard set forth in the United States Constitution and Tex. Penal Code, §2.01

> "That all criminal convictions must be proven
> beyond a reasonable doubt."

As a result, Petitioner's conviction should be reversed and this Honorable Court issue an order of acquittal.

8.

## CONCLUSION

The Petitioner asserts that the Appellate Court erred in not reversing a conviction that had clear error that caused the Petitioner egregious harm. The Trial Court admitted evidence that was more prejudicial than probative, the prosecutor committed misconduct by not only calling defense counsel a liar, but by making personal opinion comments about the alleged victim, to the victim herself, in front of the jury. And parading a picture of a tattoo in front of the jury in order to prejudice the Petitioner and cause a harmful effect on the jury's verdict. These errors were not harmless and no reasonably minded judiciary could declare that these errors were harmless beyond a reasonable doubt. see: Snowden v. State, 353 S.W.3d 815 (2011); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824 (1967)

> "Before an error can be held harmless the Court
> must be able to declare a belief that it was
> harmless beyond a reasonable doubt."

Therefore, the Petitioner asserts that the errors he has alleged are not harmless. That the constitutional violations that resulted from them, prejudiced the Petitioner sufficiently to undermine confidence in the outcome. of his trial, and that as a result, the Petitioner's conviction must be reversed.

## PRAYER FOR RELIEF

Wherefore premise having been considered, the Petitioner humbly prays that this Honorable Court grant his Petition for Discretionary Review and reverse his conviction and remand him to the Trial Court for a new trial or in the alternative, remand back to the Appellate Court for further review consistent with this Court's ruling.


Respectfully Submitted,

Johnathen Harrison
TDCJ-ID #1670858
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Texas 77705


## DECLARATION

I declare under penalty of perjury the foregoing to be true and correct. Executed on the 3rd day of September, 2015.

Duly Sworn,

Johnathen Harrison
TDCJ-ID #1670858
Pro-Se


## CERTIFICATE OF SERVICE

I herby certify that this Petition for Discretionary Review was placed in the unit mailbox at the Mark W. Stiles Unit, Beaumont, Texas 77705, on September 4, 2015.

Certified,

Johnathen Harrison, Pro se

Opinion filed August 15, 2013



In The

# Eleventh Court of Appeals

_____

No. 11-11-00241-CR

_____

## JOHNATHEN LEE HARRISON, Appellant

V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 35th District Court

Brown County, Texas

Trial Court Cause No. CR20133

## MEMORANDUM OPINION

The jury convicted Johnathen Lee Harrison, Appellant, of the offense of burglary of a habitation with the commission of a sexual assault, a first-degree felony. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011). The trial court assessed Appellant's punishment at confinement for sixty years. We affirm.[1]

---

[1]We note that the Court of Criminal Appeals granted Appellant permission to file this out-of-time appeal.

*Issues*

Appellant presents three issues on appeal. In the first issue, Appellant contends that the trial court should have granted a mistrial after the prosecutor accused Appellant's trial counsel of being a liar. In his second issue, Appellant argues that the evidence showing that he had a "white pride" tattoo was irrelevant and was substantially more prejudicial than probative. Appellant asserts in his third issue that permitting the prosecutor to direct the jury's attention to the alleged victim during the closing argument at the guilt/innocence phase of trial affected Appellant's substantial rights.

*Background Facts*

Although Appellant does not challenge the sufficiency of the evidence, we will briefly summarize the evidence in this case. Appellant and his codefendant, Richard George Baker, Jr., were tried together.[2] The record from the joint trial shows that Appellant and Baker entered the home of K.L.T. without her consent and sexually assaulted her. K.L.T. said that she heard a knock at her door and opened the door slightly. She saw Appellant and Baker, whom she had met a few days earlier, on the front porch holding forty-ounce beers. When K.L.T. told them that they could not come in, Appellant pushed open the door and entered anyway. She testified that Baker held her arms while Appellant played a CD that he had brought with him. When she tried to get away, Appellant pulled her by the hair from the dining room into the living room, took off her shirt, pulled down his pants, and told her to perform oral sex on him. At the same time this was going on, Baker penetrated her vaginally from behind with his penis. K.L.T. said that, after she attempted again to get away, Baker pushed her into a chair and continued to have sex with her until he ejaculated. But when K.L.T. tried to flee to the

---

[2]Baker was also convicted of burglary of a habitation with the commission of a sexual assault and also received a sentence of sixty years. *See Baker v. State*, No. 11-10-00329-CR, 2012 WL 5988900 (Tex. App.—Eastland Nov. 29, 2012, no pet.) (mem. op., not designated for publication).

bathroom, Appellant again grabbed her by the hair, told her that he was not finished, and penetrated her vaginally with his penis; Baker sat on the couch and drank a beer. K.L.T. called the police after Appellant and Baker left.

Appellant and Baker were arrested. Appellant admitted that he and Baker had sex with K.L.T., but he claimed that it was consensual sex.

An emergency room doctor examined K.L.T. He noted two abrasions around the entry to her vagina. He explained, "Typically abrasions that you see in that area are usually due to forced vaginal penetration or a woman that's unreceptive to sexual contact." The doctor testified that he would not expect to see that type of abrasion after consensual sex.

### Accusation that Defense Counsel was a Liar

In his first issue, Appellant argues that the prosecutor, in his closing argument, improperly accused Appellant's trial counsel of lying and that the trial court erred in denying Appellant's motion for mistrial based upon that accusation. We addressed this same issue at length in our opinion in Baker's appeal, and we concluded that the error was harmless under TEX. R. APP. P. 44.2(b) as applied through the *Mosley* factors for improper jury argument and that the argument was not so egregious as to warrant a mistrial. *Baker*, 2012 WL 5988900 (citing *Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998)). For the same reasons announced in our opinion in *Baker*, we hold that the prosecutor's comment was not so egregious as to warrant a mistrial.

The complained-of argument reads as follows:

> What about this medical evidence? This is what surprises me. It really does. Because I've done a lot of trials. . . . And [both defense counsel] start talking about this medical evidence -- and I don't know how else to say it, but just spin it -- that's what lawyers do -- spin it in their direction. I don't know. I think flat out lie about it.

3

The defense attorneys objected to being called liars in front of the jury, and they requested a mistrial. The trial court sustained the objections, instructed the jury to disregard, and denied the motions for mistrial.

Prior to the complained-of argument made by the prosecutor, Appellant's and Baker's defense attorneys had made statements during their closing arguments suggesting that the prosecutor's argument may not be "truthful," that the prosecutor may have "misremembered" the evidence, and that the prosecutor would try to "mislead" the jurors. Appellant's attorney had also addressed the content of the doctor's expert testimony, and the prosecutor had objected to the argument as being a misstatement of the record. After the complained-of argument, the prosecutor addressed the content of the doctor's expert testimony, and the defense attorneys objected that the prosecutor was misstating the evidence. In response to these objections, the trial court instructed the jurors to recall the evidence as they heard it from the witness stand.

When a trial court sustains an objection, instructs the jury to disregard, but denies a motion for mistrial, we assume without deciding that the argument was improper and look only to whether the court abused its discretion when it denied the motion for mistrial. *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004). "A mistrial is the trial court's remedy for improper conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Id.* (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). While a prosecutor's "uninvited and unsubstantiated accusation of improper conduct directed at a defendant's attorney" unquestionably puts the case at risk, only the most egregious argument taints the jury to the extent that it warrants a mistrial. *Mosley*, 983 S.W.2d at 258, 260.

To determine whether the error constitutes reversible error, we apply Rule 44.2(b) of the Texas Rules of Appellate Procedure because, as determined by

4

the court in *Mosley*, "improper comments on defense counsel's honesty have never been held to amount to a constitutional violation." *Id.* at 259. Appellant suggests that the error in this case constitutes constitutional error; we must, however, follow the ruling of the Court of Criminal Appeals in *Mosley*. Pursuant to *Mosley*, we are to consider the following factors when applying Rule 44.2(b) to an improper jury argument: "(1) severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks), (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge), and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction)." *Id.* To the extent possible, our review must calculate the probable impact of the error on the jury in light of the record. *Orona v. State*, 791 S.W.2d 125, 130 (Tex. Crim. App. 1990). Whether there was overwhelming evidence, or a lack thereof, does not dictate our analysis; instead, we focus on the error's effect on the trial. *Id.* We examine "the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, and its probable collateral implications." *Id.* We also consider "whether declaring the error harmless would encourage the State to repeat it with impunity." *Id.*

With respect to the first factor in the *Mosley* test, "[p]rejudice is clearly the touchstone." *Hawkins*, 135 S.W.3d at 77. In assessing the severity of a prosecutor's arguments, we do not consider them in isolation from the question of whether the argument had a prejudicial effect. *Id.* at 78. Prosecutors' arguments that "attack the personal morals or trustworthiness of defense counsel are manifestly improper because they undermine the adversarial system by unfairly prejudicing the jury against the defendant's attorney." *Fuentes v. State*, 991 S.W.2d 267, 274 (Tex. Crim. App. 1999). But when the jury is "in a position to evaluate the truthfulness of the prosecutor's assertion," the prejudice from improper argument may be minimized. *Mosley*, 983 S.W.2d at 260. In fact, when

5

the jury is in such a position, the prosecutor's comments could "backfire if the jury disagrees with the prosecutor's assessment of defense counsels' actions." *Id.*

In the present case, we cannot hold that the prejudice stemming from the prosecutor's improper comment in this case warranted a mistrial. Appellant's counsel had already alluded to the prosecutor's "truthfulness." The prosecutor did not accuse the defendants of lying, did not accuse defense counsel of manufacturing evidence, did not argue outside the record, did not inject new facts into the record, and did not repeat the complained-of comment. As in *Mosley*, the jury in this case was in a position to evaluate the accuracy of the prosecutor's argument. The jurors had the doctor's testimony before them and were able to discern it for themselves. Also as in *Mosley*, we cannot find that the first factor weighs heavily in Appellant's favor. *See id.*

As for the second factor, an instruction to disregard is generally sufficient to cure the prejudice from an improper argument. *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995) (where the prosecutor argued that defense counsel "wants to mislead you a little bit"); *McGee v. State*, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989). We presume that the jury followed the trial court's instruction to disregard.

We cannot hold under the record in this case that the third factor, the certainty of Appellant's conviction absent the prosecutor's improper argument, weighs heavily in favor of either side. Although we agree with Appellant that the evidence in this case was not overwhelming and that the medical evidence may have been—as the State put it—"the critical evidence in the case," we do not agree with Appellant that the prosecutor's comment, which improperly cast aspersion on the veracity of defense counsel with respect to the contents of the doctor's testimony, affected the outcome of this case. Appellant asserts that, if the credibility of the defense attorneys had not been "improperly undermined by the

6

State with his assertion that the defense attorneys were liars," then it could not "be said with any certainty that conviction would have been the result for Appellant." The jury heard the doctor's testimony relating to the medical evidence and, presumably, judged the weight and credibility of that evidence for itself. Furthermore, during its deliberations, the jury requested the doctor's medical report, and the exhibit containing that report was delivered to the jury. We hold that the error in this case was harmless under Rule 44.2(b) as applied through the *Mosley* factors for improper jury argument and that the argument was not so egregious as to warrant a mistrial.

However, as we stated in *Baker*:

> Although we have found no reversible error in connection with the State's jury argument, we are not to be taken t o approve the argument in any way. As other courts have expressed, we fail to understand why prosecutors continue to make arguments of this nature. *See, e.g., Wilson v. State*, 938 S.W.2d 57 (Tex. Crim. App. 1996), *abrogated on other grounds by Motilla v. State*, 78 S.W.3d 352, 356–57 & n.26 (Tex. Crim. App. 2002). That is especially so in the face of a plethora of cases in which the courts of this State consistently have held that such arguments clearly are out of bounds. We are not unmindful of the pace and stress of trial. However, one would think that, even in the "heat of battle," the risk of retrial would be caution enough to yield to cooler passions. The argument in this case is held to result in harmless error; that will not always be the case.

2012 WL 5988900, at *5. Appellant's first issue is overruled.

*Tattoo Evidence*

In his second issue, Appellant contends that the admission of evidence that he bore a "white pride" tattoo was irrelevant and substantially more prejudicial than probative. The record shows that Appellant objected under TEX. R. EVID. 403 when K.L.T., the first witness to testify at trial, began testifying about the defendants' unique identifying features, which for Baker was a facial scar and for

7

Appellant was a tattoo. After a discussion at the bench, the trial court overruled Appellant's objection and admitted into evidence a picture of one of Appellant's tattoos, the "white pride" tattoo that had assisted K.L.T. in identifying Appellant.

The State asserts that Appellant has not preserved this issue for review because the same or similar evidence was presented by other witnesses without objection. An objection to photographic evidence is waived if the same information contained in the photograph is conveyed to the jury in some other form. *Ford v. State*, 919 S.W.2d 107, 117 (Tex. Crim. App. 1996). A party must either object each time the complained-of evidence is offered or obtain a running objection. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). The admission of evidence over objection "will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

The record shows that Appellant did not request a running objection and that evidence of Appellant's tattoo was presented by other witnesses without objection. Officer Anna Sturgeon, the first officer to respond to K.L.T.'s call for help, testified that K.L.T. was traumatized when the officer arrived around 3:15 a.m. K.L.T. reported that she knew the first name of one of the suspects, "John," but did not know his last name or the name of the other suspect. Officer Sturgeon testified without objection that K.L.T. told her that "John" had "a tattoo on his upper right arm that says 'white power' in the shape of a cross." The picture of Appellant's tattoo shows that Appellant's upper arm had a tattoo with the words "WHITE PRIDE" in the shape of a cross. Officer Danny Hutchins, who helped arrest Baker and Appellant, later testified without objection that he had received descriptive information of the suspects that he was looking for; that information included the fact that one of the suspects had a scar on his face and one of the suspects "had a tattoo of white power" on him.

8

We note the difference between the words "power" and "pride." However, the descriptions of the tattoo were substantially similar to the photo. During trial, K.L.T. identified the photo of Appellant's tattoo as the same tattoo that "John" had. She had said earlier that she believed the tattoo said "white pride or white power."

The record reveals that Appellant did not object each time evidence of his tattoo was offered and that he did not obtain a running objection. Consequently, we cannot hold that the error, if any, in overruling Appellant's objection and admitting evidence of his tattoo constitutes reversible error. *See Valle*, 109 S.W.3d at 509; *Leday*, 983 S.W.2d at 718. Appellant's second issue is overruled.

*Prosecutor's Closing Argument*

In his final issue, Appellant argues that permitting the prosecutor to direct the jury's attention to K.L.T. during the prosecutor's closing argument at the guilt/innocence phase of trial affected Appellant's substantial rights. Appellant asserts that the prosecutor "gestured to [K.L.T.]'s present condition as she sat in the audience" and that he "directed a personal opinion comment to the alleged victim during closing argument." The State responds that Appellant failed to preserve this issue for review because Appellant did not object at trial. We agree.

The relevant portions of the record from the State's closing argument show the following:

> (To [K.L.T.]:) The one good move as a mother that you did, you should be proud of yourself for doing that because you looked out for your child and you gave him to his father.
>
> . . . .
>
> . . . You think of how many houses these guys had to get kicked out of that night. . . . . [K.L.T.], after they raped her, as she struggled with them, because she can't fight back, she is not strong enough, she is beat down, she is battered, you can see that. She couldn't fight --

9

At that point, Appellant's attorney stated, "May the record reflect that when the prosecutor said 'You can see that,' he gesticulated with his head towards the alleged victim."

Appellant did not lodge any objection at trial either time the prosecutor directed the jury's attention to K.L.T. To preserve a complaint for appellate review, the complaint must first be made in the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). In *Cockrell*, the court specifically concluded, "[W]e hold a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal." 933 S.W.2d at 89. Because Appellant did not object at trial, he failed to preserve for appellate review the complaints that he urges in his third issue. Appellant's third issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

TERRY McCALL

JUSTICE

August 15, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

10

# 11TH COURT OF APPEALS
## EASTLAND, TEXAS
## JUDGMENT

Johnathen Lee Harrison,

Vs. No. 11-11-00241-CR

The State of Texas,

\* From the 35th District
Court of Brown County,
Trial Court No. CR20133.

\* August 15, 2013

\* Memorandum Opinion by McCall, J.
(Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.)

This court has inspected the record in this cause and concludes that there is no error in the judgment below. Therefore, in accordance with this court's opinion, the judgment of the trial court is in all things affirmed.

Johnathen Harrison #1670858
Stiles Unit
3060 F.m. 3514
Beaumont, Tx. 77705

TEXAS COURT OF CRIMINAL APPEALS
P.O. BOX 12308, Capitol Station
AUSTIN, Tx. 78711